## In re SHERMAN et al.

*(Circuit Court, S. D. New York. January 8, 1892.)*

1. CUSTOMS DUTIES—ADMINISTRATIVE CUSTOMS ACT OF JUNE 10, 1892—AMENDMENT OF PROTEST.
    A protest, made within the 10 days specified by section 14 of the administrative customs act of June 10, 1890, (chapter 407, 26 St. p. 131,) cannot, after the expiration of that time, be amended.

2. SAME—PROTEST—DECISION UNDER.
    In a case arising under this act, in which neither the classification for duty by a collector of customs of imported merchandise under a provision contained in a paragraph of the tariff act of October 1, 1890, (chapter 1244, 26 St. p. 567,) nor the classification thereof, claimed under another provision, contained in another paragraph by the importer's protest, is the correct and legal classification, a decision of a board of United States general appraisers classifying this merchandise under a third provision, contained in a third paragraph, will be reversed, and the decision of the collector affirmed, by a United States circuit court, reviewing such decision of such board, even though the rate of duty prescribed by such third paragraph be the same as that claimed in the aforesaid protest.

At Law. Application for a review of the decision of a board of United States general appraisers.

On October 6, 1890, Sherman, Cecil & Co., imported by the La Champagne, from a foreign country into the United States at the port of New York, certain cotton cloths called "Swiss Spots" and "Sprigs." These cloths had certain raised ornamental figures thereon of the kinds indicated by the words "spots" and "sprigs," and were classed for duty as "articles embroidered by hand or machinery," under the provision for "embroideries * * * and * * * articles embroidered by hand or machinery," contained in Schedule J of the tariff act of October 1, 1890, (N. T. 373;) and duty at the rate 60 per cent. *ad valorem* was exacted thereon by the collector of customs at that port. Against this classification and this exaction, Sherman, Cecil & Co., within the 10 days specified by section 14 of the administrative customs act of June 10, 1890, (chapter 407, 26 U. S. St. p. 131,) duly protested to the collector, claiming that the goods were dutiable at the rate of 40 per cent. *ad valorem* as "bleached cotton cloths counting over 100 threads and under 150 threads to the square inch, and valued at over 10 cents per square yard, under the provision for such cloths contained in Schedule I, (N. T. 346.) Thereafter the board of United States general appraisers took certain evidence, by which it appeared in brief that these cloths were not embroideries, and that the ornamental figures upon them, which the collector held rendered them "articles embroidered," etc., were not embroidered thereon, as the terms "embroideries" and "embroidered" were understood in trade and commerce of this country. The board, on March 31, 1891, (S. 11,027, G. A. 470,) decided that upon this evidence these cloths were not dutiable at 60 per cent. *ad valorem*, as "articles embroidered," etc., under the provision for such articles contained in Schedule J, (N. T. 373;) that, upon the authority of *Robertson* v. *Hedden*, 40 Fed. Rep. 322, these cloths were not dutiable at the rate of 40 per cent. *ad valorem*, as countable cotton cloths, etc., under the

provision for such cloths contained in Schedule I, (N. T. 346,) as claimed in the protest in this case, but were dutiable at the rate of 40 per cent. *ad valorem*, as "manufactures of cotton," under the provision for such manufactures contained in the same schedule, (N. T. 355;) and that the entry of these cloths should be reliquidated accordingly. Thereafter the collector applied to the United States circuit court for this district for a review of this decision. The case was thereafter tried by the circuit court upon the evidence taken by the board of general appraisers, and the only questions raised by either side were questions of law, and involved (1) a motion, made on the day of the trial, by the importers, to amend their protest to accord with the decision of the board of general appraisers, or by adding thereto a claim in effect that the cloths in suit, if not liable at 40 per cent. *ad valorem*, as "bleached cottons," etc., under paragraph 346, were dutiable at that rate, under paragraph 355 of said act, as "manufactures of cotton not specially provided for;" and (2) the decision of the board of general appraisers that these cloths were dutiable at 40 per cent. *ad valorem*, as "manufactures of cotton not specially provided for," under the provision for such manufactures, (N. T. 355,) and that the entry of these cloths should be reliquidated accordingly, notwithstanding no such claim had been made by the importers in their protest as served upon the collector.

*William Forse Scott*, for importers.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for collector.

WHEELER, District Judge. In this case one question is as to amending the protest. I think it is very clear that that cannot be done, because it would be making a new protest. The protest must be made within the 10 days specified by section 14 of the act of June 10, 1890, (chapter 407, 26 U. S. St. p. 131.) As those 10 days have elapsed, that cannot be done. Another question is on the point raised by the protest. If the collector assesses duty under one part of the statute, and the importer claims by protest that it should be another duty, under another part of the statute, then the case goes to a board of three general appraisers. Under the old law, in such a case, the only point was whether the importer was right in that. *Davies* v. *Arthur*, 96 U. S. 148. If he was, then the duty was to be changed accordingly; if not, not. But here the board of general appraisers said that it came under a third part of the law; that is, they did not decide that case, but decided another case, for that made another case under the tariff law. Precisely the same question was raised in a case before Judge LACOMBE. *In re Austin*, 47 Fed. Rep. 873. There the protest was from an assessment under one clause of the statute, and the importers claimed that the assessment ought to be under another clause of the statute. When it got into this court the court thought it ought to have been under a third clause, just as the board of general appraisers here thought it ought to have been under a third clause. But the court decided that they could not go to a third clause, although the third clause imposed a lesser rate of

v.49F.no.3—15

duty than that imposed by the collector, but that it must be decided on the protest of the importers, the only question being whether the importers were right in claiming, as they did, on the grounds they did by their protest. Although they claimed a lower rate of duty, and the third clause imposed the same rate, still the court held that that was the question to be decided; and that is the question to be decided here. I must follow that case, and decide here that the importers were wrong, and the collector right, upon the questions made by the protest, and that he assessed the proper rate of duty; and that reverses the decision of the board of general appraisers. I follow that case as an authority, and because I think it is right. I think that is the meaning of the statute. The decision of the board of general appraisers is therefore reversed, and the decision of the collector affirmed.