# WASHINGTON HOME FOR INCURABLES *v.* AMERICAN SECURITY AND TRUST COMPANY.

# VERMILLION *v.* BALTIMORE AND OHIO RAILROAD COMPANY.

APPLICATIONS FOR THE ALLOWANCE OF AN APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA, AND FOR A WRIT OF ERROR TO THE SAME.

Submitted April 15, 1912.—Decided April 29, 1912.

Section 299 of the Judicial Code of March 3, 1911, 36 Stat. 1087, c 231, saving suits pending on appeal, does not give the right of appeal from judgments of the Court of Appeals of the District of Columbia in cases covered by the statutes repealed by the Judicial Code and in which the cause of action accrued prior to January 1, 1912, but which were not decided by the Court of Appeals until after that date.
Appeal from 40 Washington Law Reporter, 146, denied.
Writ of error to review 40 Washington Law Reporter, 228, denied.

THE facts, which involve the construction of the provisions of the Judicial Code of March 3, 1911, in regard to appeals to this court from the Court of Appeals of the District of Columbia, are stated in the opinion.

*Mr. Henry B. F. Macfarland, Mr. Charles Cowles Tucker* and *Mr. J. Miller Kenyon* for petitioner The Washington Home for Incurables:

The saving clause of the Judicial Code, § 299, clearly preserves the right of appeal in this case. Its language would have to be wrested from its evident meaning to bar the appeal.

Giving to the language of § 299 the consideration warranted by the familiar canons of construction of statutes will show that the intention, and the action of Congress,

contemplated the continuance of the right of appeal in this cause.

For the canons of construction of statutes, or decisions respecting them, see summary, 1 Fed. Stat., Ann., pp. VIII to CXXX, on statutes and statutory construction.

In the light of reason an examination of the Judicial Code as affected by § 299 shows that it cannot bar appeals covered by the saving clause as in this case.

If, as may be claimed, the intention of Congress was simply to preserve the jurisdiction of the Supreme Court over writs of error and appeals in cases actually pending on the first day of January, 1912, in the Supreme Court of the United States itself, and not in any appellate or other court below, Congress could and would have said so in a very few words.

If Congress meant to preserve only appeals pending in the Supreme Court it should and would have said so, as in former acts, in explicit terms.  For other instances, see Act of March 3, 1873, 17 Stat. 485, c. 223; Act of March 3, 1891, 26 Stat. 1115; Act of January 20, 1897, 29 Stat. 492.

Section 299 is unnecessary for any other purpose than that suggested in this case.

In cutting off a privilege of appeal enjoyed by the National Capital for more than a century, Congress gave days of grace at least as to pending cases.

*Mr. Joseph W. Cox* and *Mr. John A. Kratz, Jr.*, for petitioner Vermillion:

The plain words of § 299 expressly saves the jurisdiction which this court had under the act of February 9, 1893, 27 Stat. 436.

The section is very comprehensive, and provides that the appeal of existing laws shall not affect: (a) any act done, or any right accruing or accrued; (b) any suit or proceeding pending at the time of the taking effect of this act; (c) any suit or proceeding pending on writ of

error, appeal certificate, or writ of certiorari in any appellate court referred to or included within the provisions of the act at the time of its taking effect.

The act further provides that, "all such suits and proceedings and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made."

The meaning plainly to be deduced from a reading of this section is that Congress was leaving unaffected proceedings under the repealed laws in pending cases, and also proceedings in causes arising, or acts done prior to such date. The words of this section are not ambiguous, but leave the intent of Congress plain, and this court has decided that under such circumstances it will not give construction to an act of Congress. *Dewey* v. *United States,* 178 U. S. 510; *United States* v. *Union P. R. R. Co.,* 91 U. S. 72.

While one of the effects of § 299 is to accomplish just what the Court of Appeals declares it does, the section is far more comprehensive in its effective operation than that ascribed to it by that court.

Congress used the words of this section in their plain and natural meaning, as is clearly shown by the legislative history of the section and its comparison with §§ 5597 and 5599, Rev. Stat. of 1873, from which its language was taken. See the bill as originally reported to the Senate, S. 7031 and to the House, H. R. 23,377; Sen. Report, 388, 61st Cong., 2d Sess. of Special Joint Committee on Revision and Codification of the Laws of the United States.

Where Congress in a subsequent act adopts the provisions of a former act and in the main its language, it must be presumed that Congress intended the provisions of the subsequent law to accomplish the same thing and to have the same force and effect as the earlier law. Es-

pecially is this so where the courts have construed the earlier law, before the enactment of the subsequent law, to be in harmony with the plain meaning of the words employed. *Bechtel* v. *United States*, 101 U. S. 597; *May* v. *County of Logan*, 30 Fed. Rep. 250.

The plain words of the section, its legislative history, and this court's construction of prior laws *in pari materia* all show that the intention of Congress was to save this court's jurisdiction in a case like that at bar.

MR. JUSTICE HOLMES delivered the opinion of the court.

These are applications for the allowance of an appeal and writ of error, respectively. The cases come before the court under the same circumstances as the application for a writ of error just decided. *American Security & Trust Co.* v. *District of Columbia, post*, p. 491. The first named is a bill in equity that was pending in the Court of Appeals on January 1, 1912, and decided on March 4, 1912. The matter in dispute in both, exclusive of costs, exceeds the sum of five thousand dollars. The law before the enactment of the Judicial Code of March 3, 1911, c. 231, 36 Stat. 1087, allowed a writ of error or appeal in such cases, act of February 9, 1893, c. 74, § 8, 27 Stat. 434, 436, and the applicants contend that the appeal and writ of error are rights saved by § 299 of the Code. That section is as follows: "The repeal of existing laws, or the amendments thereof, embraced in this Act, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within, the provisions of this Act, pending at the time of the taking effect of this Act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within

the same time, and with the same effect, as if said repeal or amendments had not been made." This act took effect when this suit was pending in the Court of Appeals, on January 1, 1912.

The purpose of the act in the matter of appeals from the Court of Appeals of the District was to make a substantial change and to do away with them except in classes of cases of which this is not one. There seems to be little if any more reason for preserving a further appeal in cases then before the Court of Appeals than there is in those in which no writ had been sued out, but the cause of action had accrued before January 1, 1912, which is nothing at all. It must appear clearly, therefore, that this case is saved or it will fall under the general rule. We find no clear expression of such intent. The general provision that the repeal shall not affect any right or suit, is ambiguous and is qualified and explained by the words 'including those pending on appeal,' etc., which suggest that but for them appeals already taken would have fallen. *Baltimore & Potomac R. R. Co.* v. *Grant*, 98 U. S. 398. If express words were thought necessary to save pending appeals, *a fortiori* such words were needed to save appeals not yet taken, and no such words were used. The first part of the section, declaring what shall not happen, is elucidated by the antithetical statement, in the last part, of what shall take place. We gather from that that all suits upon causes of action that arose before January 1 stand alike. We cannot suppose that a suit not yet begun can be taken to this court on the ground that a sum of more than $5,000 is involved, and we are of opinion that the applicant makes no better case. We agree with the Court of Appeals that the act saves jurisdiction when an appeal has been taken, but does not save an appeal for all suits in causes of action accrued before this year.

*Leave to appeal and writ of error denied.*