## TAYLOR v. MIDLAND VALLEY R. CO.

### (District Court, E. D. Oklahoma. July 9, 1912.)

COURTS (§ 327*)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY —"WITH SAME EFFECT."

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), which went into effect January 1, 1912, changed the amount required to confer federal jurisdiction from a sum in excess of $2,000 to a sum in excess of $3,000. Section 299 exempted from the operation of the act all pending proceedings and rights accruing or accrued, providing that all such suits and proceedings for causes arising or acts done prior to that date might be commenced and prosecuted within the same time, and with the same effect, as if the repeal or amendments had not been made. *Held,* that the phrase "with the same effect" must be construed to mean with the same result, or with the same consequence, and .that where a cause of action involving less than $3,000 but more than $2,000, exclusive of interest and costs, arose November 14, 1911, and suit was brought on January 25th following. it was governed by the old law, and therefore involved an amount sufficient to sustain federal jurisdiction.

[Ed. Note.—For other cases. see Courts, Cent. Dig. § 889; Dec. Dig. § 327.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; I. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

At Law. Action by Ruby Taylor, by her next friend, James Taylor, against Midland Valley Railroad Company. On motion to remand case to the state court. Denied.

Randolph & Haver, of Tulsa, Okl., for plaintiff.
Edgar A. De Meules, of Muskogee, Okl., for defendant.

YOUMANS, District Judge. This is a motion to remand this case to the state court from which it was removed because, as stated in the motion, "the matter in controversy does not exceed and is less than the sum of $3,000, exclusive of interest and costs." The amount sued for is $2,900. The cause of action arose on the 14th day of November, 1911. The suit was brought on the 25th day of January, 1912.

The Judicial Code which changed the jurisdictional amount from a sum in excess of $2,000 to a sum in excess of $3,000 went into effect January 1, 1912. The change was an amendment of the statute in that particular. Section 299 of that Code exempts from the operation of the act certain suits and proceedings. That section is as follows:

"Sec. 299. The repeal of existing laws, or the amendments thereof, embraced in this act, shall not affect any act done, or any right accruing or

---

accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within, the provisions of this act, pending at the time of the taking effect of this act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made."

This suit is for a cause of action arising prior to January 1, 1912, and it therefore belongs to the class which "may be commenced and prosecuted within the same time and with the same effect as if said repeal or amendment had not been made." The phrase "with the same effect" must mean with the same result, or with the same consequences. The intention of Congress must have been to leave a cause of action arising prior to January 1, 1912, subject to the same rules and procedure to which it would have been subject if the law had not been changed. Counsel for plaintiff contend that the question has been decided in their favor by the Supreme Court in the cases of Washington Home for Incurables v. American Security & Trust Co. et al., and Vermillion v. B. & O. R. Co., 224 U. S. 486, 32 Sup. Ct. 554, 56 L. Ed. ——, decided April 29, 1912. In those cases the Supreme Court held that the right of appeal from the Court of Appeals of the District of Columbia in a case pending on January 1, 1912, but not decided until after that date, was not saved by that section; that the qualifying words "including those pending on appeal" excludes those not pending on appeal on January 1st. With reference to these qualifying words the court said:

"If express words were thought necessary to save pending appeals, a fortiori such words were needed to save appeals not yet taken, and no such words were used."

The question of the right of appeal from the Court of Appeals of the District of Columbia was the only question before the court. In that case the court further says:

"The first part of the section declaring what shall not happen is elucidated by the antithetical statement, in the last part, of what shall take place. We gather from that that all suits upon causes of action that arose before January 1st stand alike."

That means suits pending on January 1st, and suits brought after that date, on causes of action arising before that date, "stand alike." In pending suits in which the time for application to remove had not passed on January 1st, the right was saved by section 299. It was a "right accrued or accruing" on January 1, 1912. Lincoln v. Robinson (D. C.) 194 Fed. 571. If such a suit stands on the same footing as a suit brought after January 1st on a cause of action arising before that date, as stated by Mr. Justice Holmes in the opinion above referred to, then the right to remove the latter suit is also saved by that section. The "antithetical statement" includes not only all "suits and proceedings" referred to in the first part of the section, but also "suits and proceedings for causes arising, or acts done prior" to January 1st. If both classes "stand alike," and the right of removal is saved to the first, the conclusion follows that it is saved to the second also. So

far as the decision of the Supreme Court can be said to be applicable here, it is opposed to the effect sought to be given to it by counsel for plaintiff in this case.

The motion to remand will be overruled.