### DALLYN et al. v. BRADY.

(District Court, M. D. Pennsylvania.    July 29, 1912.)

No. 398.

Courts (§ 418½*, New, vol. 14 Key-No. Series) — United States District Court—Jurisdiction.

Under the old federal statute which gave the United States Circuit Court jurisdiction of certain actions involving more than $2,000, exclusive of interest and costs, or under Federal Judiciary Act (Act March 3, 1911, c. 231, § 289, 36 Stat. 1167 [U. S. Comp. St. Supp. 1911, p. 243]), abolishing the Circuit Court and conferring its jurisdiction on District Courts, but fixing the minimum jurisdictional amount at $3,000, exclusive of interest and costs, and under section 299 of that act, which provides that the repeal of existing laws by that act shall not affect accrued rights, the District Court has jurisdiction of an action on a note for $2,002.09, exclusive of interest and costs, where the right of action accrued June 15, 1911.

At Law. Action by Frederick Edwin Dallyn and another, doing business as Dallyn, Jardine & Co., citizens of the Province of Ontario, Dominion of Canada, against Andrew Brady. On plea to the court's jurisdiction. Plea overruled.

Fred H. Ely, of Ridgway, Pa., and H. C. Brenneman, of York, Pa., for plaintiffs.

Johnson & McNarney, of Emporium, Pa., for defendant.

WITMER, District Judge. The writ in this case issued on March 12, 1912, the same day the plaintiffs filed their statement, and both were served upon the defendant on the 23d of March. On May 1st the defendant entered his dilatory plea to the jurisdiction of the court, thereby challenging the right or authority of the court to entertain this action. It appears by the statement of claim filed that the plaintiffs' cause of action is based upon a promissory note, dated February 15, 1911, for the sum of $2,000, payable on June 15, 1911, wherein A. Brady, the defendant, is maker, Wm. A. Rushwood, payee, and whereof the plaintiffs Dallyn, Jardine & Co., became the endorsers. The note was made and excuted at Emporium, Pa., and is there payable, at the First National Bank.

The defendant contends that under the act of Congress, entitled "An act to codify, revise and amend the laws relating to the judiciary," approved March 3, 1911, this court is without authority to entertain the suit. By its express provisions, the act went into effect on January 1, 1912, and on that day the Circuit Court of the United States

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

terminated and ceased to exist. The jurisdiction of the District Court of the matter in controversy depends upon the foregoing act. It is conceded that the latter possessed no jurisdiction prior to the period at which the act went into effect, and that its minimum jurisdictional amount, as fixed by the act, is in excess of $3,000, exclusive of interest and costs. To the date this act became effective the Circuit Court possessed jurisdiction of all suits of a civil nature, at common law, or in equity in which there was a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeded, exclusive of interest and costs, the sum of $2,000.

Section 299 of the act provides:

"The repeal of existing laws, or the amendments thereof embraced in this act, shall not affect any act done, or any right accruing, or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari in any appellate court referred to or included within the provisions of this act, but all such suits and proceedings for causes arising on acts done prior to such date may be commenced and prosecuted within the same time and with the same effect as if said repeal or amendments had not been made."

We think the intention of this section is, to permit a party to institute an action in the District Court, after January 1, 1912, where the right of action in the Circuit Court arose and was complete prior to that date. The amount here claimed, exclusive of interest and cost is $2,002.09, and the right to bring an action therefor in the Circuit Court was complete prior to January 1, 1912.

The plea to the jurisdiction is therefore overruled, and the defendant is directed to answer over.