## CADY v. BARNES et al.

### (District Court, N. D. Ohio, W. D. March 1, 1913.)

### No. 2,351.

1. COURTS (§ 310*)—FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP —PARTIES.

Complainant, who was a resident of the district, brought suit to foreclose a mortgage on land lying within the district against mortgagors who were residents of another district. The mortgage was given to secure the debt of a third person, who was a resident of the district. *Held* that, while the resident debtor was a necessary party, he was not an indispensable party; and hence the court might proceed without him, and his residence within the district was insufficient to oust the court of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 857; Dec. Dig. § 310.*]

2. COURTS (§ 327*)—FEDERAL COURTS—AMOUNT IN CONTROVERSY—ACTION— ACCRUAL.

Where a suit to foreclose a mortgage involving more than $2,000, but less than $3,000, accrued prior to the taking effect of the Judicial Code in January, 1912, federal jurisdiction was preserved by section 299 (Act March 3, 1911, c. 231, 36 Stat. 1169 [U. S. Comp. St. Supp. 1911, p. 246]), providing that the repeal of existing laws or amendments thereto shall not affect any right accruing or accrued, pending at the time of the taking effect of the act, but suits and proceedings for causes arising or acts done prior to such date may be commenced and prosecuted within the same time and with the same effect as if the repeal or amendments had not been made.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 889; Dec. Dig. § 327.*]

In Equity. Suit by Edward M. Cady, as trustee for the Ohio Savings Bank & Trust Company, against John E. Barnes and another. On demurrer to bill. Overruled.

King, Tracy, Chapman & Welles, of Toledo, Ohio, for complainant. Lasley & Lasley and Ben W. Johnson, of Toledo, Ohio, for defendants.

KILLITS, District Judge. The complainant is mortgagee of property situated in this district, wherein complainant also resides. The mortgagors are residents of another district and are sole defendants.

---

The mortgage was given by them to secure the debt of a third party, whose abode is within this district. The amount involved is more than $2,000 and less than $3,000, being an action to foreclose the mortgage for default arising before the taking effect of the act increasing the jurisdictional amount from $2,000 to $3,000.

A demurrer is interposed on two grounds: (1) That the debtor whose debt is secured by the mortgage in question is an indispensable party. (2) That this court has no jurisdiction for want of a jurisdictional amount involved equal to $3,000 or more. Sustaining the demurrer on either of the grounds would oust the court of jurisdiction of the case.

[1] As usual in such controversies, the question of parties gives the court the most difficulty. Is the debtor, a resident of this district, a necessary or an indispensable party, to the case? If he is but a necessary party, then the case must proceed without him.

The Circuit Court of Appeals of the Eighth Circuit (Chadbourne v. Coe, 51 Fed. 479, 2 C. C. A. 327, opinion by Caldwell, J.), after reciting that the Supreme Court has divided parties to suits in equity into three classes, formal, necessary, and indispensable, and that formal parties are those who have no interest in the controversy between the immediate litigants, but have an interest in the subject-matter which may be conveniently settled in the suit, and thereby prevent further litigation, who may be parties or not, at the option of the complainant, says:

"'Necessary parties' are those who have an interest in the controversy, but whose interests are separable from those of the parties before the court, and will not be directly affected by a decree which does complete and full justice between them. Such persons must be made parties if practicable, in obedience to the general rule which requires all persons to be made parties who are interested in the controversy, in order that there may be an end of litigation; but the rule of the federal courts is that if they are beyond the jurisdiction of the court, or if making them parties would oust the jurisdiction of the court, the case may proceed to a final decree between the parties before the court, leaving the rights of the absent parties untouched, and to be determined in any competent forum. * * * 'Indispensable parties' are those who not only have an interest in the subject-matter of the controversy, but an interest of such a nature that a final decree cannot be made without either affecting their interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience."

Foster's Federal Practice, vol. 1, § 52 et seq., discusses at length the distinction between necessary and indispensable parties with reference to the classification as explained by Judge Caldwell in the case just cited and illustrates by concrete examples culled from the reports the line of demarkation.

In this case, it would be highly convenient doubtless, and also conducive to a quick adjustment of all interests and possible litigations, to have the debtor made a party to the controversy which complainant has brought into court. The interest, however, of the debtor in the case, is one which attaches itself, so far as this suit is concerned, only to the defendant mortgagors. It is a matter of no consequence to the complainant whether he gets his money from the mortgagors or from the principal debtor. A court in equity in a foreclosure suit has full

power to demand and have an accounting of the actual amount due so as to determine the amount of the claim and to bind the complainant mortgagee thereto. But it is obvious, the debtor not being made a party, that that determination will not in any particular affect his rights; he still may contest with the mortgagors notwithstanding the decree of foreclosure for the certain amount due as the result of the accounting.

[2] It would appear therefore that the debtor is but a necessary party within not only Judge Caldwell's definition but within the classification of concrete cases made by Foster, to which we have referred above. The demurrer then must be overruled on the first ground.

Going now to the second ground, is the jurisdiction of the court preserved by section 299 of the Judicial Code, in effect January, 1912, and may it entertain this suit with a sum of less than $3,000 involved; the cause of action having accrued prior to the 1st of January of last year?

Section 299, so far as it affects this situation, reads:

"The repeal of existing laws, or the amendments thereof, * * * shall not affect * * * any right accruing or accrued, * * * pending at the time of the taking effect of this act, but * * * suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made."

The District Court of the Eastern District of Oklahoma, in Taylor v. Midland Valley Railway Co., 197 Fed. 323, has decided that this language retained jurisdiction in this court of causes of action accruing prior to the taking effect of the act involving an amount less than $3,-000. The opinion of Judge Youmans in that case and his analysis of Home for Incurables v. Security & Trust Co., 224 U. S. 486, 32 Sup. Ct. 554, 56 L. Ed. 854, seem to us to be well and conclusively reasoned in support of the court's holding, and suggests that the demurrer on the second ground should likewise be overruled.