### TEXAS GUM CO. v. AUTOSALES GUM & CHOCOLATE CO.

(Circuit Court of Appeals, Fifth Circuit.   January 11, 1915.)

No. 2575.

**1.** STATUTES ⬳276—FEDERAL COURTS—JURISDICTION—"ANY RIGHT ACCRU- ING OR ACCRUED."

Judicial Code, § 299 (Act March 3, 1911, c. 231, 36 Stat. 1169 [Comp. St. 1913, § 1276]), provides that the repeal of existing laws or the amendments embraced in the act shall not affect any act done or right accruing or accrued or suit or proceeding instituted or pending on writ of error, etc., when the act took effect, but that all suits and proceedings for causes arising or acts done prior to such date may be commenced and prosecuted within the same time and with the same effect as if the repeal or amendments had not been made. *Held*, that the clause "any right accruing or accrued" referred to suits and proceedings for causes arising or acts done prior to the date of the taking effect of the act, excluding suits on causes of action which had not arisen while the former law was in force, and forbidding the conclusion that the right existed when the cause of action asserted had not accrued when the Judicial Code went into effect, but was in process of accrual, with some things remaining to be done before a right to sue accrued.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 371, 372; Dec. Dig. ⬳276.]

**2.** COURTS ⬳329—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTRO- VERSY.

Averments that the matter in dispute, when the bill was filed on June 5, 1912, exceeded, exclusive of interest and costs, the sum or value of

$2,000, did not show that a cause of action involving $2,000 had accrued to complainant; while the law prior to Judicial Code, § 24, raising the jurisdictional amount, was in force.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. ☞329.

Jurisdiction as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennet-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

Appeal from the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

Bill by the Autosales Gum & Chocolate Company against the Texas Gum Company. Decree for complainant, and defendant appeals. Reversed and remanded.

J. B. Talley, of Temple, Tex., and Charles Carroll and Joseph W. Carroll, both of New Orleans, La. (Sam Henderson, Jr., of New Orleans, La., on the brief), for appellant.

O. L. Stribling, of Waco, Tex., and A. Alexander Thomas, of New York City, for appellee.

Before PARDEE and WALKER, Circuit Judges, and SHEPPARD, District Judge.

WALKER, Circuit Judge. The bill in this case was filed on the 5th day of June, 1912. It complained of conduct of the defendant which commenced on or prior to May 15, 1911, was continued to the time of the filing of the bill, and would, as alleged, not be desisted from unless the defendant's discontinuance of it is required by injunction. The bill contained averments to the effect that the plaintiff has sustained damages as a result of the conduct complained of, and that it will continue to be damaged by the defendant's future persistence in such conduct, unless it is restrained therefrom by injunction. The following is the allegation as to the amount of damages sustained and anticipated:

"That your complainant, by reason of the wrongs committed by the defendant, as hereinabove alleged, and which the defendant is now committing in like manner, has suffered irreparable injury in its property rights, and has lost large profits in the sale of its chewing gum, by reason of the defendant's wrongful acts and unfair competition, which profit would amount to more than $2,000; that your complainant has no adequate remedy at law for redress of injuries herein alleged; and complainant further avers that the matters in dispute and damage done to it by defendant, and that will be suffered by complainant in the future, exclusive of interest and cost, exceeds the sum of $2,000."

[1] There is no room for claiming, and it is not claimed, that the averments of the bill show that the matter in controversy "exceeds, exclusive of interest and costs, the sum or value of $3,000," so that the court acquired jurisdiction of the case under the provision of section 24 of the Judicial Code. The claim is that the case is one of which the court would have had jurisdiction under the law as it was before that statute became effective, and that the suit was maintainable under the provision of section 299 of that statute that:

"The repeal of existing laws, or the amendments thereof, embraced in this act, shall not affect any act done, or any right accruing or accrued, or any

suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within, the provisions of this act, pending at the time of the taking effect of this act, but all such suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made."

Whatever doubts there may be as to what was intended to be embraced by the saving clause of this section, which refers to "any right accruing or accrued," it seems to us to be apparent that, in so far as the provisions of the section evidence a purpose to preserve the right to bring suits which, under the terms of other provisions of the act, could not be brought in a court of the United States, the only right saved is to have the previously existing law applied to "suits and proceedings for causes arising or acts done prior to" the date of the taking effect of the act. It is such suits and proceedings which the concluding clause of the section authorizes to be "commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made." The extent to which the right to sue, as it existed under the former law, is saved, is not left to be determined by an interpretation of the ambiguous language of the clause first above quoted from, which is qualified and explained by the succeeding clauses of the section, but is clearly defined by the explicit language of the last clause, to the effect that the former law should be applicable to "suits and proceedings for causes arising or acts done prior to" the date of the taking effect of the act. Washington Home v. American Security Co., 224 U. S. 486, 32 Sup. Ct. 554, 56 L. Ed. 854. This plain description of the kind of suits, the right to bring which was intended to be saved, excludes suits on causes of action which had not arisen while the former law was in force, and forbids the conclusion that the right exists when the cause of action asserted had not accrued at the time the Judicial Code went into effect, but was only in process of accruing, something else then remaining to happen before a right to sue was perfected. Dallyn v. Brady (D. C.) 197 Fed. 494; Cady v. Barnes (D. C.) 208 Fed. 359.

[2] The averments of the bill in the instant case fail to show that when the Judicial Code went into effect on the 1st day of January, 1912, there had already accrued to the plaintiff a right of action against the defendant under the previously existing law, which made it a prerequisite of the existence of the right of action that the matter in dispute exceed, exclusive of interest and costs, the sum or value of $2,000. Act March 3, 1875, c. 137, 18 Stat. 470, 4 Fed. St. An. 265. Averments to the effect that the matter in dispute, at the time the bill was filed on the 5th day of June, 1912, exceeded, exclusive of interest and costs, the sum or value of $2,000, by no means show that, while the former law was in force, a cause of action involving what was the jurisdictional amount under it had accrued to the plaintiff. For anything that is shown to the contrary, what the defendant did or omitted to do while the former law was in force may not have given rise to a cause of action in favor of the plaintiff which involved anything like

the amount which was required to authorize the bringing of a suit in a court of the United States.

The conclusion is that the bill fails to show that the suit is one within the jurisdiction of the court in which it was brought. It follows that the court was in error in entertaining the bill and granting relief under it.

The decree appealed from is reversed, and the cause is remanded.

SHEPPARD, District Judge. I am unable to concur in the majority opinion that the court below was without jurisdiction. In this character of cases, where the remedy sought is an injunction against the injury, the value of the right to be protected is the test of jurisdiction. It is demonstrated by the record that, if the complainant suffers any damage by the alleged unfair competition, it would be in excess of the jurisdictional amount necessary to give the court jurisdiction. Hunt v. N. Y. Cotton Exchange, 205 U. S. 336, 27 Sup. Ct. 529, 51 L. Ed. 821, 19 C. C. A. 76, note; Nashville, C. & St. L. Ry. Co. v. McConnell (C. C.) 82 Fed. 65.

I think jurisdiction should be maintained, but the cause dismissed on the merits on the authority of the following cases: Gulden v. Chance, 182 Fed. 303, 105 C. C. A. 16; McLean v. Fleming, 96 U. S. 245, 24 L. Ed. 828.