UNITED STATES *v.* NEUMAN & SCHWIERS CO. (No. 2285).[1]

SECTIONS 641 AND 514, TARIFF ACT OF 1922—AMENDMENT OF PROTEST.

Until the institution of the tariff act of 1922 no amendment of a protest was permitted after the lapse of the time allowed for its filing. Section 641 of the tariff act of 1922 provides in effect that rights and liabilities *arising* under former laws must be *pursued* under them, and prevents the amending, under section 514, of a protest filed under the act of 1913. The decision of the Board of United States General Appraisers sustaining a protest under the act of 1913 upon an amendment made after the institution of the act of 1922 and more than 30 days after liquidation is reversed.

[1] T. D. 40224.

United States Court of Customs Appeals, May 19, 1924.

APPEAL from Board of United States General Appraisers, Abstract 45839.

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Bernard Hahn*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

[Oral argument May 7, 1924, by Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

This appeal presents but a single question for decision, to wit, was the Board of General Appraisers in the present case authorized to permit the importer to amend its protest under the provisions of the tariff act of September 22, 1922, in view of the fact that the present importation was entered, the entry liquidated, and the original protest filed, all prior to the passage of that act, and more than 30 days prior to the date of the amendment?

The facts in the case are few and undisputed. The imported merchandise was entered for duty on April 26, 1922, and the entry was liquidated on August 15 of the same year. On September 13 following the importer filed a protest against the assessment containing only a single claim, to wit, that the merchandise was entitled to free entry under a paragraph therein cited. It is now conceded that the collector's assessment and the importer's claim were alike erroneous; and that the merchandise was not dutiable as assessed, nor was it entitled to free entry as claimed by the importer. Accordingly had no other factor intervened it would have been the plain duty of the board to overrule the protest without affirming the collector's classification.

Afterwards, to wit, on November 20, 1922, the importer applied to the board by motion for permission to amend the protest by adding thereto a corrected claim relative to the classification and assessment of the merchandise. The motion was sustained, and the amendment was made. The board thereupon sustained the protest solely upon the claim which was added by the amendment. The Government appealed, claiming that the board had erred in permitting the importer to amend its protest as aforesaid. This raises the only question involved in the case.

It is well settled that prior to the tariff act of September 22, 1922, there was no provision in the tariff laws permitting of the amendment of a protest after the time for filing it had expired.—In re Sherman (49 Fed. 224; affirmed 55 Fed. 276); Benjamin Iron &

Steel Co. *v.* United States (2 Ct. Cust. Appls. 159, 162; T. D. 31677); Rice & Co. *v.* United States (10 id. 165, 167; T. D. 38403). Section 514 of the latter act, however, contained a provision for such amendments, reading as follows:

> Under such rules as the Board of General Appraisers may prescribe, and in its discretion, a protest may be amended at any time prior to the first docket call thereof.

The present question accordingly must be answered as follows: If the provisions of the tariff act of 1922 were in force in respect to the amendment in this case the action of the board was legal and should be sustained, but if on the other hand the case was still proceeding under the tariff act of 1913 the board's action was illegal and should be reversed.

The issue thus raised is similar to that decided by this court in the cases of Brown & Co. *v.* United States (12 Ct. Cust. Appls. 93; T. D. 40026); and Scaramelli *v.* United States (12 id. 134; T. D. 40056). Those decisions construed and applied the provisions of section 641 of the latter act, and in effect held thereunder that in general when merchandise had been entered under the former act the procedure provided by it should be followed throughout with relation to the collection of duties thereon and the rights and remedies of the parties in the proceedings incident thereto. In the instant case the merchandise was entered, liquidated, and the protest filed before the passage of the latter act. Moreover the time allowed within which to file a protest against the assessment under the former act had expired before the motion was filed for leave to amend the protest. We hold accordingly that under these circumstances the provisions of the latter act were not applicable and that the board's order was erroneous.

The judgment of the board is *reversed.*