FOUGERA & CO. *v.* UNITED STATES (No. 2295).[1]

CONSTRUCTION, PARAGRAPH I, SECTION III, TARIFF ACT OF 1913, AND SECTION 489, TARIFF ACT OF 1922—ENTERED HIGHER THAN APPRAISED VALUE.

With reference to goods imported and entered prior to the institution of the tariff act of 1922, the provision of paragraph I, Section III, tariff act of 1913, that duty shall not be taken at less than the entered value unless by direction of the Secretary of the Treasury, and not that of section 489, tariff act of 1922, that duty shall be taken at the final appraised value, governs. The action of the Secretary under paragraph I is not reviewable.

United States Court of Customs Appeals, June 9, 1924.

APPEAL from Board of United States General Appraisers, Abstract 45897.

[Affirmed.]

*Walter Evans Hampton* for appellants.
*William W. Hoppin,* Assistant Attorney General (*Pelham St. George Bissell,* special attorney, of counsel), for the United States.

[Oral argument May 6, 1924, by Mr. Hampton and Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Filter paper imported at the port of New York in May, June, July, and August, 1919, was entered at the customhouse at an increase of 180 per cent over the invoice unit prices to meet advances of the appraiser on previous entries of similar merchandise which had been entered at invoice prices plus 80 per cent and advanced by the appraiser 100 per cent to make market value. From that appraisement an appeal was taken and the previous importations were finally reappraised at the unit invoice values plus 100 per cent. After that final appraisement of previous importations was made the

---

[1] T. D. 40266.

importer applied to the Secretary of the Treasury praying that the collector be directed to assess duty on the subsequent importations here involved at less than the entered value and on the basis of said final reappraisement. The Chief of the Division of Customs in the Treasury Department refused to grant the application, on the ground that final appraisement of the previous importations showed an in-crease of 20 per cent over their entered value, and directed that the entries should be liquidated on the basis of the entered values. The entries were liquidated by the collector in accordance with that direc-tion. The importer protested that the entries should have been liquidated on the basis of the final appraisement of the previous importations and that the action of the Secretary of the Treasury was illegal, null, and void.

The Board of General Appraisers overruled the protest and the importer appealed.

The importer contends, first, that the decision of the Secretary of the Treasury was not supported by the facts and was erroneous and arbitrary; second, that under the provisions of section 489, Part III, Title 4, of the act of September 21, 1922, it was the duty of the collector to liquidate the entry in accordance with the final appraise-ment and not on the basis of the entered value.

The importer certified to the Secretary of the Treasury that the importations here involved were entered at a value higher than the foreign-market value and that the goods were so entered to meet advances by the appraiser in similar cases then pending on appeal for reappraisement. The importer's contention, that the addition of 180 per cent to the invoice value made a higher value than the foreign-market value, was fully sustained by the final appraisement of previous importations which added only 100 per cent to the invoice prices. The importer apparently acted in good faith and complied with that part of paragraph I which reads as follows:

PAR. I. * * * The duty shall not, however, be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury in cases in which the importer certifies at the time of entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement, and the importer's contention shall subsequently be sustained by a final decision on reappraisement, and it shall appear that the action of the importer on entry was taken in good faith, after due diligence and inquiry on his part, and the Secretary of the Treasury shall accompany his directions with a statement of his conclusions and his reasons therefor.

Unless the Secretary of the Treasury had evidence of bad faith not disclosed by the record, he should have directed the assessment of the goods at less than their entered value, and in refusing to so direct the collector he ignored, in our opinion, both the spirit and the letter

of the statute. We held, however, in Mills & Gibb *v.* United States (8 Ct. Cust. Appls. 31; T. D. 37164) that Congress vested in the Secretary of the Treasury the sole and exclusive authority to direct assessment of duties on less than the entered value and that the refusal by him in any case to direct such an assessment was not reviewable by the Board of General Appraisers or by this court. The assessment of the goods at their invoice value plus 180 per cent instead of 100 per cent, the final appraised value of previous importations, inflicts grave injustice on the importer, and we would be glad to grant him relief if we had the power. We have no power to review the action of the Secretary of the Treasury and therefore can not sustain the appeal. The merchandise was imported and entered prior to the going into effect of paragraph 489 of the act of September 21, 1922, and is consequently not subject to its provisions.

The judgment of the Board of General Appraisers is *affirmed.*