## WOOLWORTH CO. v. UNITED STATES (No. 2539) [1]

SECTIONS 641 AND 514, TARIFF ACT OF 1922—AMENDMENT OF PROTEST—CONFLICT OF LAWS.

Until the institution of the Tariff Act of 1922 no amendment of a protest was permitted after the lapse of the time allowed for its filing. Paragraph N, Section III, tariff act of 1913. Section 641, Tariff Act of 1922, provides in effect that rights and liabilities *arising* under former laws must be *pursued* under them; prevents the repeal of paragraph N, Section III, tariff act of 1913, by section 643, Tariff Act of 1922, with respect to entries under the act of 1913; and deprives the right granted by section 514, Tariff Act of 1922, to later amendment, of any application to such entries, even where liquidation was had after the institution of the later act.

---

[1] T. D. 41037.

United States Court of Customs Appeals, June 29, 1925

APPEAL from Board of United States General Appraisers, Abstract 48653

[Affirmed.]

*Sharretts, Coe & Hillis* (*Edward P. Sharretts* on the brief) for appellant.
*Thomas M. Lane,* amicus curiae.
*William W. Hoppin,* Assistant Attorney General, for the United States.

[Oral argument May 21, 1925, by Mr. Sharretts, Mr. Lane, and Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Entry of imported merchandise was made on June 21, 1922. It was liquidated on February 5, 1923, and the importer filed a protest against the collector's classification and assessment on March 29, 1923. On June 22, 1923, the collector reported as follows:

* * * The merchandise marked " A " was assessed at 35 per centum ad valorem under paragraph 342, act of 1913.

From the appraiser's special report herewith and the amended return on the invoice, the merchandise appears to be properly dutiable at 20 per centum under paragraph 63 of said act.

However, as said claim is not made in the protest, the assessment of duty is affirmed and the papers are transmitted to your board for disposition.

On September 24, 1923, the importer filed the following motion in the court below:

It is hereby moved that the above-entitled protest be amended pursuant to rule 39 of the Rules of Practice and Procedure of the Board of United States General Appraisers, by inserting therein the following:

It is further claimed that said merchandise is dutiable at 20 per centum ad valorem under paragraph 63 of the tariff act of 1913.

The above claim is material to the issue in view of the fact that the merchandise consists of paints, not exclusively used for the amusement of children.

It is the belief of counsel that upon proof the protest can be sustained upon the claim under paragraph 63. * * *

The motion was sustained by the Board of General Appraisers on September 29, 1923, Judge McClelland dissenting.

On the trial before the Board of General Appraisers, motion was made orally by the Government for reconsideration of the court's action permitting the amendment to be made to the protest. The motion was taken under advisement. The appraiser's report was introduced in evidence and the cause submitted.

The board held that its order permitting an amendment to the protest was invalid under the decision of this court in *United States* v. *Neuman & Schwiers Co.,* 12 Ct. Cust. Appls. 207, T. D. 40224; and, as the importer had failed to make proper claims in its protest, the decision of the collector was sustained.

· It is admitted that the merchandise was properly dutiable under paragraph 63 of the act of 1913.

The Tariff Act of 1922 was enacted on September 21, 1922, and this appeal involves the construction of section 641 of that act, which reads as follows:

SEC. 641. RIGHTS AND LIABILITIES.—The repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, nor any right accruing or accrued, nor any suit or proceeding had or commenced in any civil or criminal case prior to said repeal or modifications, but all liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made. All offenses committed and all penalties, forfeitures, or liabilities incurred prior to the taking effect hereof, under any statute embraced in, or changed, modified, or repealed by this act, may be prosecuted and punished in the same manner and with the same effect as if this act had not been passed. No acts of limitation now in force, whether applicable to civil causes and proceedings, or to the prosecution of offenses or for the recovery of penalties or forfeitures embraced in, modified, changed, or repealed by this act shall be affected thereby so far as they affect any suits, proceedings, or prosecutions, whether civil or criminal, for causes arising or acts done or committed prior to the taking effect of this act, which may be commenced and prosecuted within the same time and with the same effect as if this act had not been passed.

It will be noted that the merchandise involved in this appeal was entered for consumption under the tariff act of 1913 and was dutiable under that act, and that the entry was liquidated several months after the enactment of the Tariff Act of 1922.

It is contended by appellant and by *amicus curiae* that under these circumstances the importer had the right to protest the collector's classification and assessment under and by virtue of the provisions of section 514 of the Tariff Act of 1922, which, in addition to giving the right to protest, to some extent changed and liberalized the procedure in regard thereto; that paragraph N of Section III of the tariff act of 1913, which provided that protests might be filed by importers to the decisions of the collector, but which contained no provision permitting amendment of protests, was expressly repealed by section 643 of the Tariff Act of 1922, and that the right to protest such decisions of the collector as were made after the repeal of paragraph N of the act of 1913 was not preserved by section 641, supra, but such right, including the right to amend, was expressly provided for in section 514 of the Tariff Act of 1922.

· Our attention is called to section 299 of the Judicial Code of the United States, effective January 1, 1912, which reads as follows:

SEC. 299. The repeal of existing laws, or the amendments thereof, embraced in this act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, including those pending on writ of error, appeal, certificate, or writ of certiorari, in any appellate court referred to or included within, the provisions of this act, pending at the time of the taking effect of this act, but all such

suits and proceedings, and suits and proceedings for causes arising or acts done prior to such date may be commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made.

Under this section it has been held that suits pending at the time of the repeal of prior statutes and suits and proceedings for causes arising prior to such date were saved and could be enforced under the rules of procedure in force at the time of the enactment of the code, but that suits and proceedings for causes arising after the code was enacted had not been preserved by section 299, supra. *Texas Gum Co.* v. *Autosales Gum & Chocolate Co.*, 219 Fed. 165.

It should be noted, however, that the first part of section 299, supra, is modified and limited by the clause—

but all such suits and proceedings, *and suits and proceedings for causes arising or acts done prior to such date.* (Italics ours.)

With reference to the effect of the latter clause upon the preceding provisions of the section, the circuit court of appeals in the Texas Gum Co. case said:

Whatever doubts there may be as to what was intended to be embraced by the saving clause of this section, which refers to "any right accruing or accrued," it seems to us to be apparent that, in so far as the provisions of the section evidence a purpose to preserve the right to bring suits which, under the terms of other provisions of the act, could not be brought in a court of the United States, the only right saved is to have the previously existing law applied to "suits and proceedings for causes arising or acts done prior to" the date of the taking effect of the act. It is such suits and proceedings which the concluding clause of the section authorizes to be "commenced and prosecuted within the same time, and with the same effect, as if said repeal or amendments had not been made." The extent to which the right to sue, as it existed under the former law, is saved, is not left to be determined by an interpretation of the ambiguous language of the clause first above quoted from, which is qualified and explained by the succeeding clauses of the section, but is clearly defined by the explicit language of the last clause, to the effect that the former law should be applicable to "suits and proceedings for causes arising or acts done prior to" the date of the taking effect of the act. *Washington Home* v. *American Security Co.*, 224 U. S. 486; 32 Sup. Ct. 554; 56 L. Ed. 854. This plain description of the kind of suits, the right to bring which was intended to be saved, excludes suits on causes of action which had not arisen while the former law was in force, and forbids the conclusion that the right exists when the cause of action asserted had not accrued at the time the Judicial Code went into effect, but was only in process of accruing, something else then remaining to happen before the right to sue was perfected. *Dallyn* v. *Brady* (D. C.), 197 Fed. 494; *Cady* v. *Barnes* (D. C.), 208 Fed. 359.

In the case of *Taylor* v. *Midland Valley R. Co.*, 197 Fed. 323, the court held that the phrase, "with the same effect," contained in the latter part of section 299, supra, was intended to mean "with the same result, or with the same consequences," and that the causes of action intended to be preserved by section 299, supra, should be prosecuted under the rules of procedure in effect at the time of the enactment of the code.

The purpose of rules of construction is to aid in ascertaining the legislative intent where such intent is not clearly expressed. They should serve no other purpose. Those to be applied in this instance are simple and elementary, and, when applied, the evident intention of Congress is not difficult to ascertain.

It requires but little study to note the clear distinction between the provisions of section 641, supra, and those contained in section 299 of the Judicial Code.

The first two clauses in section 641, supra, are not limited by any such language as "and suits and proceedings for causes arising or acts done prior to said date," but, on the contrary, they are followed by the clause, "*but all liabilities under said laws shall continue and may be enforced in the same manner* as if said repeal or modifications had not been made." (Italics ours.) The latter clause is rather one of extension than of limitation, and we think that its use in connection with the preceding clauses in the section, when read in connection with the administrative provisions of the Tariff Act of 1922, clearly indicates that Congress intended that all liabilities created by the entry of imported merchandise under the tariff act of 1913 should continue and be enforced under the provisions of that act and the regulations and rules of procedure adopted in accordance therewith, except as otherwise expressly provided; and as the existence of a liability necessarily involves the existence of a correlative right, all such rights and liabilities are preserved. This conclusion is supported by the general reasoning in the following cases heretofore decided by this court: *Brown & Co.* v. *United States*, 12 Ct. Cust. Appls. 93, T. D. 40026; *Scaramelli* v. *United States*, 12 Ct. Cust. Appls. 134, T. D. 40056; *United States* v. *Neuman & Schwiers Co.*, 12 Ct. Cust. Appls. 207, T. D. 40224; *Penick & Ford (Ltd., Inc.)* v. *United States*, 12 Ct. Cust. Appls. 218, T. D. 40228; *Fougera & Co.* v. *United States*, 12 Ct. Cust. Appls. 253, T. D. 40266.

The merchandise involved in this case was entered for consumption under the act of 1913, and the liability for the payment of the legal duties was incurred under the provisions of that act. The procedure for the ascertainment and determination of the rate and amount of duties to be paid thereon and the collection of the same was provided for by that act and the regulations and rules adopted in accordance therewith, and such rights and liabilities, together with the procedure provided for the ascertainment and determination of such rights and liabilities, was preserved to the parties by the saving clause in the repealing act.

It should be noted that section 514 of the Tariff Act of 1922 does not grant an absolute right to amend a protest, but provides that protests may be amended "under such rules as the Board of General Appraisers may prescribe, *and in its discretion.*" (Italics ours.)

Section 514, supra, grants the right to protest the decisions of the collector and prescribes the necessary procedure in regard thereto, but such provisions relate to the classification and assessment of merchandise which is dutiable under the Tariff Act of 1922.

For the reasons stated the judgment is *affirmed.*

SMITH, J., dissents.