UNITED STATES *v.* BROWN & ROESE (No. 1592).[1]

1. APPEAL—PROTEST FEE.

    The requirement of payment of protest fee in paragraph N of section 3 of the act of 1913 does not apply to cases in which the right to protest accrued under the act of 1909.

2. PARAGRAPH S OF SECTION 4 OF THE ACT OF 1913 CONSTRUED.

    The right to protest having accrued under the act of 1909 the saving clause of paragraph S of section 4 of the act of 1913 declaring that the *repeal* or *modification* of existing laws shall not affect any right accrued, and that all rights under former laws may be enforced in the same *manner* as if said repeal or modification had not been made, entitles the protestant to proceed without new burdens not imposed by the former act, citing Bechtel *v.* United States (101 U. S., 597).

United States Court of Customs Appeals, November 19, 1915.

APPEAL from Board of United States General Appraisers, Abstract 38205.

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* special attorney, of counsel), for the United States.

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The appellees imported merchandise, the liquidation of duties upon which was had on September 22, 1913, under the act of 1909. Protest was filed with the collector on October 4, 1913, one day after the act of 1913 took effect. No protest fee was paid within the time prescribed by that act. At the hearing a motion was made to dismiss the proceeding for failure to pay this fee. Admittedly this motion should have been granted if the requirement for the payment of a protest fee is applicable to a case in which liquidation took place under the act of 1909. The board held that the right to proceed to final determination without payment of such fee was saved by paragraph S of section 4, hereinafter quoted.

---

[1] Reported in T. D. 35922 (29 Treas. Dec., 586).

The proceeding under the act of 1913 was prescribed by paragraph N of section 3, which, in substance, gives the right to protest within 30 days after liquidation, and further provides:

Such protest shall be deemed to be finally abandoned and waived unless within 30 days from the date of filing thereof the person who filed such notice or protest shall have deposited with the collector of customs a fee of $1 with respect to each protest.

The act of 1909 authorized a protest within 15 days after the liquidation and prescribed subsequent proceedings before the Board of General Appraisers and an appeal to this court. Obviously, if the quoted provision of paragraph N is held applicable to this case, the importer waived his remedy.

It is argued for Government and conceded by the importer's counsel that the right to a particular remedy is not a vested right, and where a statute providing a remedy is repealed, the remedy is gone, and pending proceedings to enforce the remedy thereby determined, unless the legislature otherwise provides. The sole question standing for decision is whether the Congress saved the right to proceed in accordance with the provisions of the act of 1909 by paragraph S of section 4 of the act of 1913, which contained these provisions:

* * * But the repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil case before the said repeal or modification; but all rights and liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made. Any offenses committed and all penalties or forfeitures or liabilities incurred prior to the passage of this act under any statute embraced in or changed, modified, or repealed by this act may be prosecuted or punished in the same manner and with the same effect as if this act had not been passed. No acts of limitation now in force, whether applicable to civil causes and proceedings or to the prosecution of offenses or for the recovery of penalties or forfeitures embraced in or modified, changed, or repealed by this act shall be affected thereby so far as they affect any suits, proceedings, or prosecutions, whether civil or criminal, for causes arising or acts done or committed prior to the passage of this act, which may be commenced and prosecuted within the same time and with the same effect as if this act had not been passed.

That the right to protest against the assessment of duties by the collector had accrued before the repeal of the act of 1909 took effect is clear. The saving clause of paragraph S declares that " the *repeal* of existing laws or *modifications* thereof embraced in this act shall not affect any act done or any right accruing or accrued * * * before the said repeal or modification," and that " all rights * * * under said laws shall continue and may be enforced in the *same manner* as if said repeal or modifications had not been made." The least that can be said is that paragraph N of section 3 of the act of 1913 modifies the manner of enforcing the right. It extends the

time for filing protests, and at the same time imposes an additional requirement, i. e., payment of a fee. It can not be said that the importer is given the privilege of enforcing his rights in the same manner as under the act of 1909 if he is subjected to an additional burden.

A case cited by importer's counsel is Bechtel v. United States (101 U. S., 597). The Government brought suit to recover against certain manufacturers of matches for the value of revenue stamps delivered to the defendants, and at the trial offered in evidence a transcript of the defendant's account upon the books of the Treasury Department, which was admitted over objection. By section 2 of the act of March 3, 1797, certified transcripts of the accounts of the Treasury and all departments were competent evidence in all such cases. This act was in force at the time suit was brought. Before the case came to trial, however, section 886 of the Revised Statutes was passed, which made such transcripts competent evidence only in suits against revenue officers. The question was whether the right to introduce these transcripts, notwithstanding the change in the law which would, as to future cases, render them inadmissible, was saved by the provision of section 5597 of the Revised Statutes, which provided:

The repeal of the several acts embraced in said revision shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause before the said repeal, but all rights and liabilities under said acts shall continue, and may be enforced in the same manner as if said repeal had not been made. * * *

The court said:

The repealing section (5596) included the act of March 3, 1797 (c. 20, 1 Stat., 512) ; but section 5597 saved all rights which had accrued under any of the acts thus abrogated. It declared that all such rights "shall continue and be enforced in the same manner as if said repeal had not been made." Section 886 of the Revised Statutes, relied upon by counsel for the plaintiffs in error, is not, therefore, the statutory provision by which the rights of the parties as to the point here in question are to be determined. They are governed by the second section of the act of 1797, before mentioned, upon which section 886 of the later enactment is founded. They are materially different, and the latter is narrower than the former.

It is suggested in the brief of Government that the right there saved was a substantive right. We are unable to distinguish between the right to proceed in the present case, according to the provisions of the act of 1909, and the right to proceed in the case cited under the provisions of the act of 1797. The case would seem to be precisely in point.

It must be held that by the saving clause here in question the right to proceed in the manner pointed out by the act of 1909 was saved to the importer, and that the decision of the board to that effect was correct.

Decision *affirmed*.