KEVE & YOUNG *v.* UNITED STATES (No. 2231).[1]

COURT OF CUSTOMS APPEALS, JURISDICTION—SECTION 489, TARIFF ACT OF 1922.
    Following Brown & Co. et al. *v.* United States (12 Ct. Cust. Appls. 93; T. D. 40026), decided concurrently herewith, this court has jurisdiction to decide whether or not section 489, tariff act of 1922, granting the right to petition the Board of United States General Appraisers for remission of additional duties applies to entries made during the life of the act of 1913, and decides that it does not.

United States Court of Customs Appeals, February 9, 1924.

APPEAL from Board of United States General Appraisers, G. A. 8599 (T. D. 39399).

[Affirmed.]

*Barnes, Chilvers & Halstead (Frank M. Halstead* of counsel) for appellants.
    *William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.
    *Thomas J. Doherty,* amicus curiæ.

[Oral argument October 23, 1923, by Mr. Halstead and Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

BLAND, Judge, delivered the opinion of the court:

Certain auto plate junior matrixes were imported from Germany and entered on September 16, 1921. Final appraisement was on October 18, 1922, after the passage of the tariff act of September 21, 1922. The appraisal of the merchandise was in excess of the entered value, and the importer filed with the Board of General Appraisers his petition for remission of additional duties as provided for in section 489 of the law of 1922. The Government moved to dismiss the petition on the ground that the law of 1922 did not apply and

---

[1] T. D. 40027.

that the board had no jurisdiction to hear the petition. The petition was dismissed. Upon the authority of Wm. A. Brown & Co. et al. *v.* United States (12 Ct. Cust. Appls. 93; T. D. 40026), decided concurrently herewith, the motion of the Government to dismiss is overruled and the judgment of the Board of General Appraisers is hereby *affirmed.*