SCARAMELLI *v.* UNITED STATES (No. 2300).[1]

CONSTRUCTION, SECTIONS 641 AND 501, TARIFF ACT OF 1922—APPRAISEMENT APPEALS.

Section 641, tariff act of 1922, providing, in effect, that all rights and liabilities *arising* under former laws should be *pursued* under them, negatives the idea that the appraisement appeal to the United States Court of Customs Appeals instituted by section 501 applies to cases arising under the act of 1913.

United States Court of Customs Appeals, March 3, 1924.

APPEAL from Board of United States General Appraisers, Reappraisement Circular 33433.

[Dismissed.]

*Barnes, Chilvers & Halstead (Frank M. Halstead* of counsel) for appellant.

*William W. Hoppin,* Assistant Attorney General (*Pelham St. George Bissell,* special attorney, of counsel), for the United States.

[Submitted without oral argument November 17, 1923.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

---

[1] T. D. 40056.

MARTIN, Presiding Judge, delivered the opinion of the court:

The issue in this case presents a question of procedure only. It arose upon an appeal for a so-called re-reappraisement of the imported merchandise.

It will be remembered that under subsection M of Section III, tariff act of 1913, a right of appeal from an appraisement by the local appraiser was granted both to the collector and the importers, and when such an appeal was taken it became the duty of an appellate single general appraiser to reappraise the merchandise, whereupon either party had the right to appeal from that appraisement to a re-reappraisement to be made by an appellate board of three general appraisers. That board was to hear testimony and argument, and "proceed by all reasonable ways and means in their power to ascertain, estimate, and determine the dutiable value of the imported merchandise." In other words, the appellate board was to make a new appraisement of the merchandise after hearing evidence and arguments. It was furthermore expressly enjoined by the act that no appeal to any court could be taken by either party from such a decision of the board in re-reappraisement.—United States *v.* Loeb & Schoenfeld Co. (7 Ct. Cust. Appls. 380; T. D. 36961).

It will be remembered also that under section 501, tariff act of 1922, a similar right of appeal from an appraisement by the local appraiser was granted to the respective parties, and also a right of appeal from a reappraisement by the single general appraiser to a board of three general appraisers. Unlike the act of 1913, however, the latter act did not authorize the board in such case to make a new appraisement of the merchandise upon evidence and arguments, but required only that it "shall consider the case upon the samples of the merchandise, if there be any, and the record made before the general appraiser, and, after argument on the part of the parties if requested by them or either of them, shall affirm, reverse, or modify the decision of the general appraiser or remand the case to the general appraiser for further proceedings." In other words, such an appellate board was not required to make a new appraisement of the merchandise, but only to review the action of the single general appraiser upon the record of his appraisement. And, furthermore, for the first time in tariff legislation the tariff act of 1922 provided that an appeal could be taken by either party from the decision of the board of three in such proceedings to this court.

These recitals are relevant because of the fact that the proceedings in appraisement and reappraisement in the present case were begun when the tariff act of 1913 was in force, and were concluded after that act was repealed by the tariff act of 1922. A question thus arose as to which act governed the proceedings after the date of the repeal.

The merchandise was entered for ad valorem duty in July, 1922. The local appraiser advanced the entered value, whereupon the

importer on September 14, 1922, appealed for a reappraisement by a single general appraiser. These occurrences took place under the tariff act of 1913. On September 21, 1922, that act was repealed by the tariff act of 1922. Afterwards, on November 13, 1922, the single general appraiser reported his appraisement of the merchandise, sustaining the entered value. Thereupon the collector appealed from that appraisement to a board of three general appraisers. When the appeal was heard, the importer objected to the admission of new evidence, contending that the proceeding was governed by the act of 1922, and accordingly that the board should simply review the record of the proceedings of the single general appraiser. The board overruled that contention and after hearing the evidence reported a reappraisement of the merchandise, agreeing with that found by the local appraiser. Thereupon the importer appealed to this court under section 501, tariff act of 1922, asking for a review of the board's decision. The Government has filed a motion for a dismissal of the appeal, claiming that the entire proceedings aforesaid should be governed by the tariff act of 1913, and accordingly that neither party had a right to appeal to this court from the board's decision therein. The case is at present submitted to the court upon that motion.

We think that the answer to this question may be found in section 641, tariff act of 1922, which reads in part as follows:

SEC. 641. RIGHTS AND LIABILITIES.—The repeal of existing laws or modifications thereof embraced in this Act shall not affect any act done, nor any right accruing or accrued, nor any suit or proceeding had or commenced in any civil or criminal case prior to said repeal or modifications, but all liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made. * * *

According to the foregoing section it was the legislative intent that all liabilities of importers as well as others, incurred under the tariff act of 1913, should continue and be enforced in the same manner as if that act had not been repealed or modified by the tariff act of 1922. When the importer in this case entered the imported merchandise for duty he incurred a liability to pay the rate of duty then imposed upon such merchandise by the existing act. That liability continued after the repeal of the act to the same extent as before, and, furthermore, the collection of the duty was to be enforced in the same manner as before. Since the imported merchandise was subject to an ad valorem rate of duty, it was necessary to ascertain its dutiable value as part of the proceedings for the enforcement of the importer's liability. A "manner" or method of ascertaining that value was prescribed by the tariff act of 1913, consisting of a system of appraisements and reappraisements of the merchandise. Under that system, as already stated, the board of three reappraised the merchandise de novo when an appeal was taken to it, and no appeal from that reappraisement

to this or any other court was allowed by the law. The provisions of the tariff act of 1922 in relation to the jurisdiction of the board upon an appeal to reappraisement, and the allowance of an appeal to this court from such decisions of the board, were not in the nature of remedial amendments to those of the former act, but were substitutes which were to take the place of the former provisions. But under section 641, supra, the former provisions were nevertheless to continue in effect for the enforcement of all liabilities already incurred under the former act, including the collection of duties upon merchandise already entered. Therefore the proceedings leading to a final reappraisement of the merchandise in this case. were rightly pursued under the provisions of the tariff act of 1913. This statement necessarily implies that the present appeal can not be entertained by this court since such a proceeding was expressly forbidden by that act.—United States *v.* Brown & Roese (6 Ct. Cust. Appls. 382; T. D. 35922); Brown & Co. *v.* United States (12 id. 93; T. D. 40026).

The Government's motion is therefore sustained and the appeal is *dismissed.*