to this or any other court was allowed by the law. The provisions of the tariff act of 1922 in relation to the jurisdiction of the board upon an appeal to reappraisement, and the allowance of an appeal to this court from such decisions of the board, were not in the nature of remedial amendments to those of the former act, but were substitutes which were to take the place of the former provisions. But under section 641, supra, the former provisions were nevertheless to continue in effect for the enforcement of all liabilities already incurred under the former act, including the collection of duties upon merchandise already entered. Therefore the proceedings leading to a final reappraisement of the merchandise in this case. were rightly pursued under the provisions of the tariff act of 1913. This statement necessarily implies that the present appeal can not be entertained by this court since such a proceeding was expressly forbidden by that act.—United States *v.* Brown & Roese (6 Ct. Cust. Appls. 382; T. D. 35922); Brown & Co. *v.* United States (12 id. 93; T. D. 40026).

The Government's motion is therefore sustained and the appeal is *dismissed.*

---

LUNHAM & MOORE *v.* UNITED STATES (No. 2227).[1]

CONSTRUCTION, SECTIONS 641 AND 501, TARIFF ACT OF 1922—APPRAISEMENT APPEALS.

Following Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056), decided concurrently herewith, section 641, tariff act of 1922, providing, in effect, that all rights and liabilities *arising* under former laws should be *pursued* under them, negatives the idea that the appraisement appeal to this court instituted by section 501 applies to cases arising under the act of 1913.

United States Court of Customs Appeals, March 3, 1924.

APPEAL from Board of United States General Appraisers, reappraisement circular 32711.

[Dismissed.]

*Brooks & Brooks (Frederick W. Brooks, jr.,* of counsel) for appellants.

*William W. Hoppin,* Assistant Attorney General *(Pelham St. George Bissell,* special attorney, of counsel), for the United States.

[Submitted without oral argument November 17, 1923.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

MARTIN, Presiding Judge, delivered the opinion of the court:

This is an appeal from a so-called re-reappraisement of imported merchandise made by a board of three general appraisers in proceedings begun under the tariff act of 1913 and concluded under that of 1922. The case has been submitted at present upon a motion of the Government for a dismissal of the appeal. The issue is identical in

---

[1] T. D. 40057.

principle with that decided concurrently herewith by this court in the case of Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056). Consistently with that decision the Government's motion is sustained, and the appeal is *dismissed.*

---

PACIFIC ORIENT CO. *v.* UNITED STATES (No. 2279).[1]

CONSTRUCTION, SECTIONS 641 AND 501, TARIFF ACT OF 1922—APPRAISEMENT APPEALS.

Following Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056), decided concurrently herewith, section 641, tariff act of 1922, providing, in effect, that all rights and liabilities *arising* under former laws should be *pursued* under them, negatives the idea that the appraisement appeal to this court instituted by section 501 applies to cases arising under the act of 1913.

United States Court of Customs Appeals, March 3, 1924.

APPEAL from Board of United States General Appraisers, Reappraisement Circular 33023.

[Dismissed.]

*Allan R. Brown* for appellant.

*William W. Hoppin,* Assistant Attorney General (*Pelham St. George Bissell,* special attorney, of counsel), for the United States.

[Oral argument November 17, 1923, by Mr. Brown and Mr. Bissell.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges; HATFIELD, Associate Judge, participating in the decision by agreement of counsel.

MARTIN, Presiding Judge, delivered the opinion of the court:

This is an appeal from a so-called re-reappraisement of imported merchandise made by a board of three general appraisers in proceedings begun under the tariff act of 1913 and concluded under that of 1922. The case has been submitted at present upon a motion of the Government for a dismissal of the appeal. The issue is identical in principle with that decided concurrently herewith by this court in the case of Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056). Consistently with that decision the Government's motion is sustained, and the appeal is *dismissed.*

---

LINDSLEY BROS. CO. *v.* UNITED STATES (No. 2287).[2]

CONSTRUCTION, SECTIONS 641 AND 501, TARIFF ACT OF 1922—APPRAISEMENT APPEALS.

Following Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056), decided concurrently herewith, section 641, tariff act of 1922, providing, in effect, that all rights and liabilities *arising* under former laws should be *pursued* under them, negatives the idea that the appraisement appeal to this court instituted by section 501 applies to cases arising under the act of 1913.

---

[1] T. D. 40058.        [2] T. D. 40059.