United States Court of Customs Appeals, March 3, 1924.

APPEAL from Board of United States General Appraisers, reappraisement of
April 3, 1923.
[Dismissed.]

*Curie, Lane & Wallace (Samuel Isenschmid* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General (*Pelham St. George Bissell,*
special attorney, of counsel), for the United States.

[Submitted without oral argument November 17, 1923.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate
Judges; HATFIELD, Associate Judge, participating in the decision by agree-
ment of counsel.

MARTIN, Presiding Judge, delivered the opinion of the court:

This is an appeal from a so-called re-reappraisement of imported
merchandise made by a board of three general appraisers in proceed-
ings begun under the tariff act of 1913 and concluded under that of
1922. The case has been submitted at present upon a motion of the
Government for a dismissal of the appeal. The issue is identical in
principle with that decided concurrently herewith by this court in
the case of Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D.
40056). Consistently with that decision the Government's motion is
sustained, and the appeal is *dismissed.*

---

BUSH & CO. *v.* UNITED STATES (No. 2308).[1]

CONSTRUCTION, SECTIONS 641 AND 501, TARIFF ACT OF 1922—APPRAISEMENT
APPEALS.
Following Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056),
decided concurrently herewith, section 641, tariff act of 1922, providing, in
effect, that all rights and liabilities *arising* under former laws should be *pursued*
under them, negatives the idea that the appraisement appeal to this court insti-
tuted by section 501 applies to cases arising under the act of 1913.

United States Court of Customs Appeals, March 3, 1924:

APPEAL from Board of United States General Appraisers, Reappraisement Cir-
cular 33604.
[Dismissed.]

*Frank L. Lawrence* for appellant.
*William W. Hoppin,* Assistant Attorney General (*Pelham St. George Bissell,*
special attorney, of counsel), for the United States.

[Submitted without oral argument November 17, 1923.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate
Judges; HATFIELD, Associate Judge, participating in the decision by agreement
of counsel.

MARTIN, Presiding Judge, delivered the opinion of the court:

This is an appeal from a so-called re-reappraisement of imported
merchandise made by the board of three general appraisers in pro-

---

[1] T. D. 40060.

ceedings begun under the tariff act of 1913 and concluded under that of 1922. The case has been submitted at present upon a motion of the Government for a dismissal of the appeal. The issue is identical in principle with that decided concurrently herewith by this court in the case of Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056). Consistently with that decision the Government's motion is sustained, and the appeal is *dismissed.*

---

DECORATED METAL MANUFACTURING CO. (INC.), AN AMERICAN MANU-FACTURER, *v.* UNITED STATES AND PICKFORDS COLONIAL (INC.), (No. 2342).[1]

1. EVIDENCE, JUDICIAL NOTICE.
   It is well within common knowledge that typewriters are usually, and indeed almost invariably, equipped with metal ribbon spools like the ones at bar, and that the machines are incapable of performing their ordinary functions without them.

2. USE, OCCASIONAL OR EXTRAORDINARY.
   The fact that typewriters are sometimes used for stencil work and carbon copies without ribbons, and that such ribbons are sometimes used on other machines, such as adding and telegraph machines, does not prevent a type-writer-ribbon spool from being regarded as a part of a typewriter.

3. COMMERCIAL DESIGNATION.
   Proof that typewriter ribbon spools are known commercially as ribbon spools or typewriter ribbon spools is not proof that they are not also known as parts of typewriters, and does not interfere with their classification as such.

4. RELATIVE SPECIFICITY.
   The provision of paragraph 1542, tariff act of 1922, for parts of typewriters is more specific than that of paragraph 399 for manufactures of iron or steel not specially provided for, or that of paragraph 372 for machines or parts thereof not specially provided for.

5. CONSTRUCTION, PARAGRAPH 1542, TARIFF ACT OF 1922—PARTS OF TYPE-WRITERS.
   The provision of paragraph 1542, tariff act of 1922 for "typewriters * * * whether in whole or in parts" is not restricted to typewriter parts imported as typewriters in a knockdown condition. The word "typewriters" alone includes the knockdown, and the construction would reduce the provision for parts to surplusage.

6. CONSTRUCTION, PARAGRAPH 1542, TARIFF ACT OF 1922—"TYPEWRITERS * * * INCLUDING REPAIR PARTS."
   The provision of paragraph 1542, tariff act of 1922, "including repair parts," with reference to typewriters, is one of specification only, and not one of extension. It is not restricted to repair parts for foreign-made machines already imported.

---

[1] T. D. 40061.