PENICK & FORD (LTD., INC.) *v.* UNITED STATES (No. 2345).[1]

1. PARAGRAPH I, SECTION III, TARIFF ACT OF 1913—SECRETARY'S ACTION FINAL.

    The refusal of the Secretary of the Treasury to direct liquidation at less than the entered value under paragraph I, Section III, tariff act of 1913, is not reviewable.—Mills & Gibb *v.* United States (8 Ct. Cust. Appls. 31; T. D. 37164).

2. STATUTES NOT ORDINARILY RETROACTIVE.

    A retroactive effect will not be given to a statute and a prospective meaning only will be indulged, unless, from the legislative expression, it is clear that it is otherwise intended.

3. SECTIONS 641 AND 489, TARIFF ACT OF 1922, AND PARAGRAPH I, SECTION III TARIFF ACT OF 1913—ENTERED GREATER THAN APPRAISED VALUE.

    Section 641, tariff act of 1922, providing, in effect, that all rights and liabilities *arising* under former laws should be *pursued* under them, confines an importer under the tariff act of 1913, seeking the imposition of duty upon less than the entered value, to the application to the Secretary of the Treasury provided for under paragraph I, Section III, tariff act of 1913, and denies to him any right to claim such reduction without such application, in accordance with the provisions of section 489, tariff act of 1922.

United States Court of Customs Appeals, May 19, 1924.

APPEAL from Board of United States General Appraisers, Abstract 46439.

[Affirmed.]

*Irving Washburn* for appellant.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Ralph Folks,* special attorneys, of counsel), for the United States.

---

[1] T. D. 40228.

[Oral argument May 9, 1924, by Mr. Lawrence.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

BLAND, Judge, delivered the opinion of the court:

The merchandise involved in this proceeding consists of two entries of blackstrap molasses imported from Cuba and entered at the port of New Orleans.

Entry 404 covered 850,000 gallons of molasses entered September 5, 1922. It was invoiced at 1⅜ cents per gallon, and to meet alleged advances by the appraiser it was entered at 1 cent per gallon, with the claim that the actual value was one-half cent per gallon.

Entry 516 was made on September 20, 1922, and covered 864,144 gallons of molasses. It was invoiced at 1⅜ cents per gallon, and to meet alleged advances by the appraiser it was entered at 1 cent per gallon, with the claim that the actual value was one-half cent per gallon.

The merchandise in each entry was appraised by the appraiser at New Orleans at one-half cent per gallon. On appeal to reappraisement, on February 15, 1923, General Appraiser McClelland decided that the foreign market value in each instance was one-half of 1 cent a gallon. No appeal was taken from this decision.

The case by stipulation was submitted to the Board of General Appraisers upon the record, as shown by the papers accompanying the protest.

The importer made application to the Secretary of the Treasury for an order directing the collector to assess duty on less than the entered value under the provisions of paragraph I, Section III, of the tariff act of 1913. The application is not before us, but it is fair to assume that the application was made upon the basis that the additions to the invoiced values of the merchandise were made for the purpose of meeting advances by the appraiser in the case of similar merchandise covered by other entries. The Treasury Department denied the application, and their decision, dated April 3, 1923, was forwarded to the collector of customs at New Orleans, and reads as follows:

101237.

TREASURY DEPARTMENT,
*Washington, April 3, 1923.*

The COLLECTOR OF CUSTOMS, *New Orleans, La.*

SIR: The department refers to your letter of the 7th ultimo, submitting an application of Penick & Ford (Ltd.) (Inc.), under the provisions of paragraph I, Section III, of the tariff act of 1913, for the assessment of duty on less than the entered value of certain importations of molasses covered by entries Nos. 404 and 516. It appears that at the time of entry the importers made additions to the invoice values of the merchandise for the alleged purpose of meeting advances by the appraiser in the case of similar merchandise covered by entries Nos. 49, 393, 471, and 1837 at your port.

An inspection of the last-named entries, which are cited by the importers' pending cases on their certificates under T. D. 34806 attached to the application entries, discloses that none of these entries constitutes a pending case within the requirements of the concluding provisions of said paragraph I, as they are not cases involving advances by the appraiser of the entered value, but cases in which the importers themselves made additions to meet previous advances of the appraiser. In the absence of an indication on the application entries that the importers were aware at the time of filing them of pendency that on appeal to reappraisement of a case covering similar merchandise in which the appraiser made an advance to which their additions conform, the department is without authority to afford relief on said application of Penick & Ford (Ltd.) (Inc.).

Entries Nos. 404, 471, and 516 are returned herewith.

Respectfully,                              (Signed) McKENZIE MOSS,
Enclosure No. 3829.                                  Assistant Secretary.

The importer then protested the liquidation. The Board of General Appraisers overruled the protest, and from the judgment of the Board of General Appraisers this appeal is taken.

It is the contention of the Government that the Treasury Department was right in their ruling that the additions to the invoices made by the importer were not made to meet advances by the appraisers, but that they were made to meet advances made by the importers themselves. The entries of similar merchandise on which the alleged advances had been made have not been submitted to us, and we do not regard their presence as important. Whatever action the Treasury Department took in connection with the application is not reviewable by this court.—Mills & Gibb v. United States (8 Ct. Cust. Appls. 31; T. D. 37164). There this court said:

We think, however, that the provisions of paragraph I, above quoted, were designed by Congress to vest in the Secretary the sole and exclusive authority to direct assessment upon an amount less than the entered value of the merchandise and that a refusal by him in any case to direct such an assessment is not reviewable by the board or this court upon an appeal from the collector's assessment in such case.

The question as to whether the Treasury Department's finding was erroneous or illegal in this case would be a moot question, and consideration of it by us would be purposeless.

It remains for us to decide whether upon protest this court has the right to review the action of the collector and the Board of General Appraisers under the provisions of the tariff act of 1922.

The pertinent part of section 489 of the tariff act of 1922 is as follows:

Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in

part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

While it may not be important to our decision of the issues of this case, it will be noted that this section is quite different from the corresponding section of the act of 1913.    The corresponding section of the act of 1913, paragraph I, Section III, is as follows:

The duty shall not, however, be assessed in any case upon an amount less than the entered value, unless by direction of the Secretary of the Treasury in cases in which the importer certifies at the time of entry that the entered value is higher than the foreign market value and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement, and the importer's contention shall subsequently be sustained by a final decision on reappraisement, and it shall appear that the action of the importer on entry was taken in good faith, after due diligence and inquiry on his part, and the Secretary of the Treasury shall accompany his directions with a statement of his conclusions and his reasons therefor.

It is clear that the importers did not proceed under section 489, but did proceed under the corresponding section of the act of 1913.

It is urged by the importer that the act of 1922 gives it the right to have this issue decided by this court under the provisions of the latter act, while the Government contends that section 641 reserves to the Government the right to the duties assessed on the entry in question which was made under the act of 1913 and prior to the passage of the act of 1922.

Section 641 of the tariff act of 1922 reads as follows:

SEC. 641. RIGHTS AND LIABILITIES.—The repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, nor any right accruing or accrued, nor any suit or proceeding had or commenced in any civil or criminal case prior to said repeal or modifications, but all liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made. All offenses committed and all penalties, forfeitures, or liabilities incurred prior to the taking effect hereof, under any statute embraced in or changed, modified, or repealed by this act, may be prosecuted and punished in the same manner and with the same effect as if this act had not been passed. No acts of limitation now in force, whether applicable to civil causes and proceedings, or to the prosecution of offenses or for the recovery of penalties or forfeitures embraced in, modified, changed, or repealed by this act shall be affected thereby so far as they affect any suits, proceedings, or prosecutions, whether civil or criminal, for causes arising or acts done or committed prior to the taking effect of this act, which may be commenced and prosecuted within the same time and with the same effect as if this act had not been passed.

The recent rulings of this court on similar questions, as well as subsequent action by the United States Supreme Court, would seem to make extended discussion unnecessary.    A retroactive effect will not be given to a statute, and a prospective meaning only will be indulged in unless from the legislative expression it is clear that it is otherwise

intended.—Brown & Co. v. United States (12 Ct. Cust. Appls. 93; T. D. 40026), [citing cases], Keve & Young v. United States (12 Ct. Cust. Appls. 103; T. D. 40027), Parfums d'Orsay v. United States (12 Ct. Cust. Appls. 104; T. D. 40028), Pacific Orient Co. v. United States (12 Ct. Cust. Appls. 138; T. D. 40058), Scaramelli v. United States (12 Ct. Cust. Appls. 134; T. D. 40056), Lunham & Moore v. United States (12 Ct. Cust. Appls. 137; T. D. 40057), Lindsley Bros. Co. v. United States (12 Ct. Cust. Appls. 138; T. D. 40059), Bush & Co. v. United States (12 Ct. Cust. Appls. 139; T. D. 40060).

The saving clause (sec. 641 of the act of 1922) clearly saved to the Government its right to the duty based on the entered value under the act of 1913. Its right to duties is fixed by that act, and the importer's right to make additions to meet advances by the appraiser is given by that act, as are also whatever rights he may have had to have liquidation made in accordance with advances so made. It is not important for us to decide whether the importer failed to comply with the provisions of the act of 1922 when he made entry of the goods, and it is difficult for us to understand how he could be expected, on September 5 and 20, 1922, to make compliance with an act which was not passed until September 22, 1922. But, even if his entry had complied with the requirements of the act of 1922, under the authorities cited he could not have had his alleged grievance tried out under the provisions of the latter act.

The judgment of the Board of General Appraisers is *affirmed.*