WANAMAKER ET AL. *v.* UNITED STATES (No. 2353).[1]

CONFLICT OF LAWS—REAPPRAISEMENT APPEALS.

The rights and remedies of the parties existing at the time of importation and entry continued in force and were not affected by the subsequent passage of the tariff act of 1922. Scaramelli *v.* United States (12 Ct. Cust. Appls., 134; T. D. 40056). Consequently this appeal, taken under the act of 1922, from the decision of the Board of United States General Appraisers sitting in appraisement, as to goods imported, entered, appraised, reappraised, and re-reappraised under the emergency tariff act of 1921, is dismissed without prejudice.

United States Court of Customs Appeals, June 28, 1924

APPEAL from Board of United States General Appraisers Reappraisement Circular 34157

[Dismissed.]

*Allan R. Brown* for appellants.

*Wm. W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Pelham St. George Bissell,* special attorneys, of counsel), for the United States.

[Oral argument May 9, 1924, by Mr. Brown and Mr. Lawrence]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

This case involves the validity of 15 appraisements of rugs imported from Canada during the lifetime of the emergency tariff act which was passed on May 27, 1921, and expired six months after the day following its passage. Ten of the appraisements were appealed to reappraisement on the 28th of July, 1922, and five on the 31st of August, 1922. Those appeals were taken under and by virtue of section 210 of Title II of the emergency act, which said section reads as follows:

SEC. 210. That for the purposes of this title the determination of the appraiser or person acting as appraiser as to the foreign market value or the cost of pro-

---

[1] T. D. 40314.

-duction, as the case may be, the purchase price, and the exporter's sales price, and the action of the collector in assessing special dumping duty, shall have the same force and effect and be subject to the same right of appeal and protest, under the same conditions and subject to the same limitations; and the general appraisers, the Board of General Appraisers, and the Court of Customs Appeals shall have the same jurisdiction, powers, and duties in connection with such appeals and protests as in the case of appeals and protests relating to customs duties under existing law.

The general appraiser appraised the merchandise at unit invoice prices, plus 22.3 per cent, plus packing and plus 1½ per cent Canadian sales tax.

From that decision the importer appealed to re-reappraisement, and on November 13, 1923, Board 3 of the Board of General Appraisers, sitting in reappraisement, affirmed the decision of the general appraiser.

From the decision of Board 3 the importer, on the 11th of January, 1924, presented an appeal to this court and that appeal the Government now moves to dismiss on the ground that the goods were imported, entered at the customhouse, and appraised by the local appraiser prior to the granting by the act of September 22, 1922, of a right of appeal to this court in appraisement cases.

We held in Scaramelli *v.* United States (12 Ct. Cust. Appls. 134; T. D. 40056) that merchandise imported and entered prior to the going into effect of the act of September 22, 1922, could not be appraised, reappraised, or re-reappraised as prescribed by that act, and that no appeal could be taken to this court from the final appraisement of the merchandise so imported. The Scaramelli case laid down the principle that the rights and remedies of the parties existing at the time of importation and entry continued in force and were not affected by the subsequent passage of the act of September 22, 1922.

This case does not differ materially from the Scaramelli case, and the motion to dismiss must be granted without prejudice to the appellant to protest the validity of the appraisement, reappraisement, or re-reappraisement on grounds other than those involved in the motion to dismiss the appeal.