L. SANDOZ VUILLE, INC. *v.* UNITED STATES (No. 3791)[1]

United States Court of Customs and Patent Appeals, October 29, 1934

*James R. Ryan* for appellant.
*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Special Assistant to the Attorney General, and *William Whynman,* special attorney, of counsel), for the United States.

[1] T. D. 47349.

[Oral argument October 1, 1934, by Mr. Ryan and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, Judge Brown dissenting, dismissing the protest of appellant against the decision of the collector denying a claim for drawback under section 313 (c) of the Tariff Act of 1930.

The merchandise involved consists of certain watch cases, imported by appellant through the port of Detroit, Mich. They, with their movements, were entered in bond for warehouse in 1929. On June 13, 1930, the goods were entered for consumption and duty was paid at the rates provided for in the Tariff Act of 1922. On June 17, 1930, they were released from customs custody and stored in the nondutiable section of the warehouse. Thereafter they were removed to appellant's place of business, where the movements were removed from the cases. The watch cases were claimed to be defective, as not conforming to sample. They were returned to customs custody, within 30 days after their release therefrom, for the purpose of exportation with the benefit of drawback under the provisions of said section 313 (c) of the Tariff Act of 1930. The merchandise was exported on July 16, 1930.

There is but one question involved, which is well stated in the Government's brief as follows:

May an importer procure the benefit of drawback on merchandise not conforming to sample or specification under the provisions of section 313 (c), *infra*, of the Tariff Act of 1930 in a case where the merchandise was imported and entered for consumption under the Tariff Act of 1922, which act contained no such provision?

The Customs Court held that appellant was not entitled to procure the benefit of drawback under the provisions of said section 313 (c), and that the protest should be dismissed. Judgment was entered accordingly, and from such judgment this appeal is taken.

Sections 313 (c) and 651 (c) of the Tariff Act of 1930 read as follows:

SEC. 313. DRAWBACK AND REFUNDS.

\*          \*          \*·          \*          \*          \*          \*

(c) MERCHANDISE NOT CONFORMING TO SAMPLE OR SPECIFICATIONS.—Upon the exportation of merchandise not conforming to sample or specifications upon which the duties have been paid and which have been entered or withdrawn for consumption and, within thirty days after release from customs custody, returned to customs custody for exportation, the full amount of the duties paid upon such merchandise shall be refunded as drawback, less 1 per centum of such duties.

SEC. 651. REPEALS.

\*          \*          \*          \*          \*          \*          \*

(c) RIGHTS AND LIABILITIES UNDER ACTS REPEALED OR MODIFIED.—The repeal of existing laws or modifications or reenactments thereof embraced in this

Act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil or criminal case prior to such repeal, modifications, or reenactments, but all liabilities under such laws shall continue and may be enforced in the same manner as if such repeal, modifications, or reenactments had not been made. All offenses committed and all penalties, under any statute embraced in, or changed, modified, or repealed by this Act, may be prosecuted and punished in the same manner and with the same effect as if this Act had not been passed. No Acts of limitation now in force, whether applicable to civil causes and proceedings, or to the prosecution of offenses or for the recovery of penalties or forfeitures embraced in, modified, changed, or repealed by this Act shall be affected thereby so far as they affect any suits, proceedings, or prosecutions, whether civil or criminal, for causes arising or acts done or committed prior to the taking effect of this Act, which may be commenced and prosecuted within the same time and with the same effect as if this Act had not been passed.

Section 313 (c) is new legislation; it creates a new right in that it grants to an importer a right of drawback under specified conditions upon the exportation of imported merchandise not conforming to sample or specifications. No such right existed under the Tariff Act of 1922.

It is well established that a retroactive effect will not be given to a statute unless, from the legislative expression, it is clear that it was so intended. *Penick & Ford, Ltd., Inc.* v. *United States*, 12 Ct. Cust. Appls. 218, T. D. 40228; *Brown & Co. et al.* v. *United States.* 12 Ct. Cust. Appls. 93, T. D. 40026 (certiorari denied, 265 U. S. 582).

We find nothing in said section 313 (c), or in any of the other provisions of the section, indicating that Congress intended that it should apply to any merchandise imported under the Tariff Act of 1922, or under any previous tariff act.

Since, as has been noted, section 313 (c) of the Tariff Act of 1930 confers a new right upon the importer, not enjoyed under previous legislation, and since said section contains no language evidencing an intent that the privilege thereby granted should be retroactive in effect, it is our opinion that said section relates only to importations under the act of 1930, especially in view of the provisions of section 651 (c), which provides that the modifications of existing laws embraced in the act "shall not affect any act done, or any right accruing or accrued" prior to such modifications.

In the case at bar the merchandise involved was imported under the Tariff Act of 1922, and the duties provided for by that act were assessed and paid by the importer, the appellant herein. At the time of the enactment of the Tariff Act of 1930, the right of the Government to the duties assessed and paid upon the merchandise had accrued, subject only to such rights to contest such duties by appellant as were provided for in the Tariff Act of 1922. If appellant accepted the liquidation of the collector as final, the duties paid by

it absolutely belonged to the Government, and no portion thereof could be lawfully returned to it under the provisions of the act of 1922 and said section 651 (c) of the Tariff Act of 1930.

We think our decision herein is controlled in principle by our decision in the case of *Brown & Co. et al.* v. *United States, supra.* The merchandise there involved was imported during the life of the Tariff Act of 1913. The merchandise was finally appraised at a value higher than the entered value. The collector assessed additional duty under the Tariff Act of 1913. Said act of 1913 provided no remedy for the recovery by the importer of additional duty so assessed except upon application to the Secretary of the Treasury in cases arising from manifest clerical error. Section 489 of the Tariff Act of 1922 conferred jurisdiction upon the Customs Court to remit additional duties on the petition of an importer praying therefor, supported by satisfactory evidence that the merchandise, the value of which had been advanced over the values stated in the entry, was entered at a value lower than the final appraised value without intent to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The question was whether said section 489 could be invoked to secure relief from the payment of additional duties upon merchandise which had been entered and appraised, and duties paid thereon, during the life of the Tariff Act of 1913, which act contained no provision for the remission of additional duties by the Customs Court.

This court, speaking through Judge Bland, said:

\* \* \* The tariff act of 1913 gave the importer the right to apply to the Secretary of the Treasury for remission of additional duties only in case of clerical error. The act of 1922 not only gives this same right, but gives to the importer an additional new right, as well as a remedy for obtaining it, namely, the right to petition the Board of General Appraisers for the remission of additional duties levied by reason of undervaluation when made without any intention, of defrauding the revenues of the United States or concealing or misrepresenting the facts of the case, or of deceiving the appraiser as to the value of the merchandise. It is with this new right we are concerned in this case, and not with the old right existing under the act of 1913. The importer has his remedy to obtain the remission of the additional duties other than those arising from manifest clerical error only by virtue of the new statute. It certainly can not be contended that he has the right to apply a new remedy given for the enforcement of the new right to a different old right. The books are full of authorities supporting the general principle that statutes are directed to the future, and are prospective and not retrospective, unless from the language a retrospective effect be clearly intended. Cooley's Const. Lim. (530, 531); Prince v. United States (19 Fed. Cas. 1331); Chew Heong v. United States (112 U. S. 536); White v. United States (191 U. S. 545); Union Pacific R. R. Co. v. Laramie Stock Yards (231 U. S. 190); Union Pacific R. R. Co. v. Snow (231 U. S. 204); Cameron v. United States (231 U. S. 710).

It is clear that that part of section 489 of the tariff act of 1922 relating to the remission of duties does not on its face indicate that Congress intended to make

it apply to past entries, and even if Congress had not seen fit to include in the act the general saving clause contained in section 641, we do not believe under either of the rules heretofore stated that section 489 should be construed to be retroactive. But the framers of the act did include section 641, which in our opinion leaves no doubt upon the question that they did not intend that petitions for remissions of duties which arise from entries made prior to the passage of the act should be heard or decided under the provisions of the new act.

After quoting section 641 of the Tariff Act of 1922, which is similar in all respects, so far as concerns the question here involved, to section 651 (c) of the Tariff Act of 1930, the court said:

It will be noted that this section specifically provides that *any act done* or any *right accruing or accrued* shall not be affected by the repeal or modification of the then existing laws, and that all *liabilities* under said laws shall continue and may be enforced in the same manner as if said repeal or modification had not been made. Congress certainly did not intend that the procedure in the act of 1922, for obtaining a right granted by said act, should be resorted to in an effort to obtain an alleged right claimed to exist prior to the passage of said act, but which in fact did not so exist. (Italics quoted.)

The only distinction between the case last cited and the case at bar appears to be that in the former case a right was claimed by the importer to exist prior to the enactment of the Tariff Act of 1922, but which in fact did not exist, while in the case at bar there is no claim that the Tariff Act of 1922 conferred upon appellant any rights whatever to drawback upon the exportation of the watch cases in question.

We hold that the conclusion of the Customs Court that appellant is not entitled to the drawback claimed was correct.

The record shows that the judgment entered by the Customs Court dismissed the protest. Appellant assigns error upon this point, contending that judgment should have been entered upon the merits of the case, either sustaining or overruling the protest.

The point is purely technical, and cannot affect appellant's rights in any way. Inasmuch as the Customs Court heard the evidence upon the merits of the case, perhaps the better practice would have been to overrule the protest; but the protest showed upon its face that it did not state a cause of action against the Government, and at the beginning of the trial Government counsel moved to dismiss the protest for that reason. In such a case, where a protest upon its face fails to state a cause of action against the Government, we think the Customs Court is justified in entering a judgment of dismissal; at any rate, we do not think the protestant has any ground for complaint against such action when no question of the amendment of the protest is involved.

The judgment of the United States Customs Court is *affirmed.*