### DINET v. CITY OF DELAVAN.

(Circuit Court, E. D. Wisconsin. August 11, 1902.)

**1. REMOVAL OF CAUSES—PETITION—CITIZENSHIP.**
In a petition for the removal of a cause to the federal court, an allegation of residence, or a description of one as of a certain place, is not the equivalent of an allegation of citizenship, on which the right of removal depends.

**2. SAME—AMENDMENT.**
A petition for the removal of a cause to a federal court cannot be amended in the federal court, where it or the record does not show sufficient ground for removal.

On Motion to Remand.

Ryan, Merton & Newbury, for plaintiff.
D. B. Barnes and E. Von Suessmilch, for defendant.

SEAMAN, District Judge. This case is certified from the circuit court of Walworth county on petition of Henry G. Dinet for removal to this court under the removal act, and the petitioner is the respondent in condemnation proceedings instituted by the city of Delavan to take certain real estate owned by him for public use, though named as plaintiff under the procedure applicable in such cases. It is conceded, on the one side, that the cause is removable if the petition therefor states the requisite diverse citizenship, and on the other that the petition is defective in that particular; but an amendment is tendered to cure such defect, and confer jurisdiction. The only allegation of the petition to that end is that the petitioner was and is "a resident of the city of Chicago, state of Illinois," with no averment of his citizenship there or elsewhere, nor of diverse citizenship, and it is plain, under the authorities, that the allegation of residence is not the equivalent of an allegation of citizenship, upon which the right of removal depends. Consequently, the petition is insufficient to confer jurisdiction (Neel v. Pennsylvania Co., 157 U.

¶ 1. Averments of citizenship to show jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

S. 153, 15 Sup. Ct. 589, 39 L. Ed. 654, and cases cited), and the only question for solution is this: Can an amendment be allowed in this court to supply the omission? It is contended on behalf of the petitioner (1) that the record, as certified by the state court, discloses the fact that he was a citizen of Illinois, while the city of Delavan is a Wisconsin municipality; and (2) that in such event the defective petition may be cured by amendment, under authorities which are cited. But the last mentioned proposition is without force, if assumed to be otherwise tenable, for the reason that the first mentioned, on which it rests, is unsupported by the record. The only reference which appears in the condemnation proceedings is this: that the owners named, including Henry G. Dinet, "are not residents of this county;" and in the bond for appeal the petitioner's name is followed by the description "of Chicago, Illinois," and the bond for removal contains like description. Neither of these references is sufficient, in any view, to allege or necessarily imply citizenship, and thus supply the defect in the petition for removal. The jurisdiction of the state court can be ousted only by allegations there presented which confer federal jurisdiction, and the well-considered case of Martin v. Railroad, 151 U. S. 673, 691, 14 Sup. Ct. 533, 38 L. Ed. 311, citing the authorities, states the doctrine applicable to amendments of the petition, that the jurisdictional facts must be substantially stated in the petition on which removal was obtained, and that "amendments may be allowed when, and only when, the petition, as presented to the state court, shows upon its face sufficient ground for removal." Whether the circuit court decisions cited by counsel are consistent with this view is a question not arising here, as the case presented is not within either of such rulings. I am of opinion that sufficient ground for removal does not appear in the record, and that the amendment tendered must be disallowed. The case is remanded accordingly to the circuit court of Walworth county, with costs against the petitioner, Henry G. Dinet.