## WELLS v. RUSSELLVILLE ANTHRACITE COAL MINING CO. et al.

(District Court, E. D. Arkansas, W. D. July 7, 1913.)

1. REMOVAL OF CAUSES (§ 86*)—PETITION FOR REMOVAL—REQUISITES.

The diversity of citizenship to authorize a removal need not be alleged in the petition for removal, when it appears from the complaint or any part of the record when the petition for removal is filed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179; Dec. Dig. § 86.*]

2. REMOVAL OF CAUSES (§§ 86, 94*)—DIVERSITY OF CITIZENSHIP—SUFFICIENCY OF AVERMENT—AMENDMENT.

A corporation as an entity is not a citizen of any state, and therefore an averment in a petition for removal that a corporation is a "citizen and resident" of a state named is insufficient; but the defect may be cured by amendment at any time before the case has been disposed of in the trial court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 132, 166–179, 203; Dec. Dig. §§ 86, 94.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. REMOVAL OF CAUSES (§ 2*)—REMOVABILITY—LAW GOVERNING.

Under the saving clause contained in section 299 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1169 [U. S. Comp. St. Supp. 1911, p. 246]), providing that suits and proceedings for causes arising or acts done prior to the date of the repeal of any existing law may be commenced and prosecuted within the same time and with the same effect as if such law had not been repealed, a suit on a cause of action arising before the taking effect of the Code but not commenced until afterward is governed as to its removability by the prior law, and if removable under such law is still removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 2, 3; Dec. Dig. § 2.*]

At Law. Action by Elizabeth Wells, administratrix of W. J. Wells, deceased, against the Russellville Anthracite Coal Mining Company and the Fidelity Coal Mining Company. On motion to remand to state court. Motion denied.

This action was originally instituted on December 12, 1912, in the circuit court of Pope county, state of Arkansas, to recover damages in the sum of $2,999.99, alleged to have been sustained by the plaintiff as administratrix of the estate of W. J. Wells, deceased, who, it is alleged, was, while an employé of the defendants, by reason of their negligence, injured on March 9, 1911, from the effects of which he died within a few days of the accident. The complaint alleged that the defendant the Russellville Anthracite Coal Mining Company (hereinafter called the Russellville Company) is a corporation created by and existing under the laws of Michigan, and that the other defendant (hereinafter referred to as the Fidelity Company) is a corporation organized and existing under and by virtue of the laws of the state of ———, not mentioning the state of its creation. In due time the defendants filed a petition and bond for removal to this court, which was granted by the state court. The petition alleges that the defendant the Russellville Company is a citizen of the state of Michigan, and the defendant the Fidelity Company a citizen of the state of Kansas, and were so at the time of the filing of the complaint and petition, but fails to allege under the laws of which states they exist.

The plaintiff has filed a motion to remand, setting up some general grounds that the court has no jurisdiction, and that the cause is not removable, and also the following specific grounds: (1) That the requisite diversity of citizenship required as a condition precedent to the jurisdiction of this court in a controversy of the character presented in this record does not exist. (2) That it is apparent upon the face of the record presented that the amount in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000.

R. C. Bullock and M. L. Davis, both of Dardanelle, Ark., and Mehaffy, Reid & Mehaffy, of Little Rock, Ark., for plaintiff.

J. B. Ward, of Russellville, Ark., and W. R. Thurmond, of Kansas City, Mo., for defendants.

TRIEBER, District Judge (after stating the facts as above). [1] The petition for removal alleges that the defendants, both of whom are corporations, are citizens and residents of the states of Michigan and Kansas, respectively, but fails to state what states created either of them. The diversity of citizenship to authorize a removal need not be alleged in the petition for removal, when it appears from the complaint or any part of the record when the petition for removal was filed. Gold-Washing & Water Co. v. Keyes, 96 U. S. 199, 24 L. Ed.

656; Bondurant v. Watson, 103 U. S. 285, 26 L. Ed. 447; Denny v. Pironi, 141 U. S. 121, 124, 11 Sup. Ct. 966, 35 L. Ed. 657; Shattuck v. North British & Merc. Ins. Co., 58 Fed. 609, 7 C. C. A. 386. By reference to the complaint we find that it is alleged that the Russellville Company was created and exists under the laws of the state of Michigan; but it fails to allege under the laws of which state the Fidelity Company was created, leaving the name of the state blank.

[2] As the jurisdictional facts must clearly appear from the record to give a court of the United States jurisdiction, and there is nothing to show either in the petition or the complaint that the Fidelity Company was created and exists under the laws of a state other than that of Arkansas, of which state the plaintiff is a citizen and resident, the petition is clearly defective, unless the allegation in the petition that these corporations are citizens and residents of the states named is sufficient. That a corporation, as an entity, is not a citizen of any state is now settled by an unbroken line of decisions. Paul v. Virginia, 8 Wall. 168, 19 L. Ed. 357; Norfolk & Western R. R. Co. v. Pennsylvania, 136 U. S. 114, 10 Sup. Ct. 958, 34 L. Ed. 394; Orient Insurance Co. v. Daggs, 172 U. S. 557, 19 Sup. Ct. 281, 43 L. Ed. 552; Waters-Pierce Oil Co. v. Texas, 177 U. S. 28, 20 Sup. Ct. 58, 44 L. Ed. 657; Great Southern Fireproof Hotel Co. v. Jones, 177 U. S. 454, 20 Sup. Ct. 690, 44 L. Ed. 842; Rife v. Lumber Underwriters (C. C. A.) 204 Fed. 33.

When the question of jurisdiction of the national courts in actions by or against corporations first came before the Supreme Court, it was held that the jurisdiction depended upon the citizenship of all the stockholders, as in a partnership, and if any one of the stockholders of the corporation was a citizen of the same state as any one of the parties on the other side to the action, there was no such diversity as will justify the assumption of jurisdiction by a national court. Hope Insurance Co. v. Boardman, 5 Cranch, 57, 3 L. Ed. 36; Bank of United States v. Deveaux, 5 Cranch, 61, 3 L. Ed. 38. This construction was adhered to and followed by that court for 50 years; the last case in which this rule was recognized being Irvine v. Lowry, 14 Pet. 293, 10 L. Ed. 462. But in 1844 in Louisville, etc., R. R. Co. v. Letson, 2 How. 497, 11 L. Ed. 353, this rule was changed, and it was there held:

"A corporation created by and transacting business in a state is to be deemed an inhabitant of the state and capable of being treated as a citizen for all purposes of suing and being sued, and an averment of the facts of its creation and place of transacting business is sufficient to give the Circuit Court of the United States jurisdiction."

In that case it will be noticed it was not yet determined that this was a conclusive presumption; but in Marshall v. B. & O. Ry. Co., 16 How. 314, 14 L. Ed. 953, it was finally determined that, the presumption arising from the habitat of a corporation in the place of its creation being conclusive as to the residence or citizenship of those who use the corporate name and exercise the faculties conferred by it, the allegation that the defendants are a body corporate by the act of the General Assembly of Maryland is a sufficient averment that the real defendants are citizens of that state, and the earlier decisions expressly

overruled.    Since then it has been uniformly held that such an allega-tion conclusively establishes the citizenship of all the stockholders of the corporation, and cannot be disproved by evidence that the stock-holders or some of them are in fact not citizens of the state which cre-ated the corporation.    Shaw v. Quincy Mining Company, 145 U. S. 444, 451, 12 Sup. Ct. 935, 36 L. Ed. 768.

As a corporation is not a citizen, an allegation that it is a citizen and resident of a certain state is insufficient.    Lafayette Ins. Co. v. French, 18 How. 405, 15 L. Ed. 451; Great Southern, etc., Hotel Co. v. Jones, supra; Thomas v. Board of Trustees, 195 U. S. 207, 25 Sup. Ct. 24, 49 L. Ed. 160; Fred Macey Co. v. Macey, 135 Fed. 725, 68 C. C. A. 363; Rife v. Lumber Underwriters, supra.    As neither the petition for removal nor the complaint show that the defendant Fidelity Company was created under the laws of a state other than the state of Arkansas, the petition is defective and does not authorize the removal.    But since the decision of the Supreme Court, in Kinney v. Columbia Savings, etc., Ass'n, 191 U. S. 78, 24 Sup. Ct. 30, 48 L. Ed. 103, it is now no longer open to controversy that defects of this nature may be cured by amendment if the case has not yet been finally disposed of in the trial court, although it would not be subject to amendment after it has reached the appellate court.    The reason for this, as stated by the Su-preme Court in the Kinney Case, is that:

"A petition and bond for removal are in the nature of process. They con-stitute the process by which the case is transferred from the state to the fed-eral court. Congress has made ample provision for the amendment of pro-cess"—referring to sections 948 and 954, R. S. [U. S. Comp. St. 1901; pp. 695, 696].

The defendants will, therefore, be granted leave to amend their pe-tition for removal, if the court determines that it was properly remova-ble in spite of the fact that the amount involved does not exceed the sum of $3,000, exclusive of interest and costs.

[3] As it appears from the record that the cause of action accrued on March 9, 1911, prior to the date the Judicial Code went into effect (January 1, 1912), although the suit was not instituted in the state court until the 12th day of December, 1912, it is contended on behalf of the plaintiff that it is not removable, and could not have been orig-inally instituted in this court under the provisions of section 24, subd. 1, of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [U. S. Comp. St. Supp. 1911, p. 135]).    Washington Home, etc., Co. v. American Security & Trust Co., 224 U. S. 486, 32 Sup. Ct. 554, 56 L. Ed. 854, is relied on as a conclusive authority on that point.    On the other hand, it is contended on behalf of the defendants that section 299 of the Judicial Code preserves the jurisdiction of the national Dis-trict Courts of all actions which arose prior to the date the Judicial Code went into effect, although suit thereon is instituted thereafter. That the action could have been maintained under the amendatory act of March 3, 1887 (24 Stat. 552, c. 373), as corrected by the act of Au-gust 13, 1888 (25 Stat. 433, c. 866 [U. S. Comp. St. 1901, p. 508]), and also removed to this court from a state court, is not questioned, leaving the only question for determination the construction of section 299 of the Judicial Code.

The only reported cases on this question are Taylor v. Midland Valley R. R. Co. (D. C.) 197 Fed. 323, and Dallyn v. Brady (D. C.) 197 Fed. 494, the first decided by Judge Youmans and the latter by Judge Witmer, and in both of them the contention of the defendants in this case was sustained in able opinions. That of Judge Youmans very ably analyzes and distinguishes the opinion of the Supreme Court in the Washington Home Case. After careful consideration of this question I concur in the conclusions reached by these learned judges, and will only add to the reasons stated by them the following:

It is an elementary rule of law that in construing a statute it is the duty of the courts to give effect to every word in the statute, or, as it is sometimes expressed, "all the words of a law must have effect rather than that part should perish by construction." Bend v. Hoyt, 13 Pet. 263, 10 L. Ed. 154; Lawrence v. Allen, 7 How. 785, 12 L. Ed. 914; Washington Market Co. v. Hoffman, 101 U. S. 112, 25 L. Ed. 782; Montclair Township v. Ramsdell, 107 U. S. 147, 2 Sup. Ct. 391, 27 L. Ed. 431; United States v. Ninety-Nine Diamonds, 139 Fed. 961, 72 C. C. A. 9, 2 L. R. A. (N. S.) 185; Aaron v. United States (C. C. A.) 204 Fed. 943. Courts are not at liberty to disregard any words in a statute, even if in their opinion they are unwise. The wisdom of all legislation rests solely with the lawmaking department of the government. Wabash R. R. Co. v. United States, 178 Fed. 5, 101 C. C. A. 133, 21 Ann. Cas. 819; United States v. Colorado & Northwestern R. R. Co., 157 Fed. 321, 85 C. C. A. 27, 15 L. R. A. (N. S.) 167, 13 Ann. Cas. 893.

Applying these rules to the language used in the statute, "all such actions and proceedings and suits and proceedings for causes arising and acts done prior to such date may be commenced and prosecuted within the same time and with the same effect as if such repeal and amendments had not been made," it is clear that the intention of Congress as expressed in the act was not to have the Judicial Code apply to "proceedings for causes arising or acts done prior to such date," but that in such cases, which arose or constituted a cause of action within the jurisdiction of the national courts prior to January 1, 1912, it should continue, notwithstanding the changes made by the Judicial Code. If there had been no saving clause of causes of action then existing and not yet in suit, or of those then pending in the national courts, and which under the new Judicial Code are not cognizable in the national courts, parties thus situated would have been deprived of the right to have their controversies tried in those courts. Ex parte McCardle, 7 Wall. 506, 19 L. Ed. 264; Baltimore & Potomac R. R. Co. v. Grant, 98 U. S. 398, 25 L. Ed. 231. It is true the right to have an action tried in a particular tribunal is not such a right of which the Legislature cannot deprive him, but merely a privilege which the Legislature may grant, withhold, or withdraw after it had been granted.

This same result might probably have been accomplished by a short general provision; but Congress evidently was of the opinion that it was best to use language which would leave no room for doubt, and thus prevent endless litigation before it could be finally determined by

the court of last resort what causes were saved by the exception or proviso. To avoid this, section 299 specifically mentions what causes shall not be affected by the enactment of the Judicial Code. This section, as originally reported to the two houses of Congress by the special joint committee on revision and codification of the laws of the United States, did not contain any provision to save appeals and writs of error then pending. As originally reported, it read:

"The repeal of existing laws or the amendments thereof embraced in this act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding, pending at the time of the taking effect of this act; but all such suits and proceedings, and proceedings for causes arising or acts done prior to such date, may be commenced and prosecuted within the same time and with the same effect as if said repeals and amendments had not been made."

In the Senate this was amended by inserting the words:

"Including those pending on writ of error, appeal, certificate, or writ of certiorari in any appellate court referred to or included within the provisions of this act."

The act, therefore, contains two distinct provisions: (a) Saves the jurisdiction as to any act done or right accruing or accrued before the act took effect, including any cause pending in the courts. (b) The Senate amendment saves the jurisdiction of any suit or proceeding pending on writ of error, appeal, certificate, or writ of certiorari in an appellate court.

The clause inserted by the Senate applies solely to actions then pending in an appellate court, and was so construed in the Washington Home Case, while this section, as originally reported by the joint committee, applied to any right of action which had accrued before and was in existence at the time the new act went into effect or was pending in a court. This is conclusively shown by the last clause of the section:

"And suits and proceedings for causes arising or acts done prior to such date may be commenced and presented within the same time and with the same effect as if said repeals or amendments had not been made."

Nor can it be said that Congress acted inadvertently in the use of the language employed in section 299. By subdivision 20 of section 24, defining the jurisdiction of the district courts in actions against the government, the amendment made by the act of June 27, 1898, 30 Stat. 494, c. 503, to the act of March 3, 1887, 24 Stat. 505, c. 359, U. S. Comp. St. 1901, p. 752 (the Tucker Act), which later act withdrew from the Circuit and District Courts jurisdiction of actions against the government for fees of officers, was re-enacted, but to save the jurisdiction of cases then pending under the act of 1887, it was enacted, "but no suit pending on the 27th day of June, 1898, shall abate or be affected by this provision." This language is clear and unequivocal that, while suits under the act of 1887 then pending shall not be affected by the new Code, causes of action existing but not pending on June 27, 1898, cannot be maintained in a district court under the Judicial Code.

What is now insisted upon by the motion to remand is, in effect,

that the words "causes arising or acts done prior to such date" shall be entirely eliminated, for no other effect can be given to these words except that causes which arose prior to January 1, 1912, although not yet sued on, still remain within the jurisdiction of the national courts as if no change in the law had been made. If the intention of Congress by the enactment of section 299 had been merely to save suits then pending, is it not reasonable to suppose that similar language would have been used as in subdivision 20 of section 24, and the words, "shall not affect any right accruing or accrued," and again, "any act done or right accruing or accrued before the taking effect of this act," found in section 299, omitted? A similar provision is found in section 300 of the Judicial Code in relation to penalties and forfeitures incurred prior to the taking effect of the Code.

Leave will be granted the defendants to amend their petition within three days so as to show under the laws of which state each of the defendants was created, and if so amended the motion to remand will be overruled