## CONSOLIDATED INDEPENDENT SCHOOL DIST. OF BUFFALO, IN KOSSUTH COUNTY, IOWA, et al. v. CROSS, County Treasurer, et al.

(District Court, N. D. Iowa. Central Division. July 6, 1925.)

No. 98.

**1. Removal of causes ⊜⟹31—Defendants other than receiver of national bank held not nominal defendants.**

Where draft on county treasurer, forwarded by school district for collection, was paid by treasurer by check on national bank which later suspended, district could join treasurer, receiver of the suspended bank, and the collecting banks in one suit by reason of the common interest in the questions of law and fact, and such receiver could not remove the cause under Jud. Code, § 28, as amended (Comp. St. § 1010), on theory that other defendants were mere nominal defendants.

**2. Removal of causes ⊜⟹82—All proper defendants held required to join in petition for removal.**

In suit by school district to recover funds and taxes collected by county treasurer, when national bank on which check of county treasurer in payment of school district's draft for such funds was drawn became insolvent, all proper defendants were required to join in petition for removal, on ground that suit arose under laws of United States, in view of Jud. Code, § 28, as amended (Comp. St. § 1010).

**3. Removal of causes ⊜⟹107(5)—Removal of cause unauthorized, where record failed to disclose either citizenship or residence of receiver of insolvent bank.**

In suit by school district to recover funds and taxes collected by the county treasurer, when bank, on which check of county treasurer in payment of school district's draft for such funds was drawn, became insolvent, removal of cause on application of receiver of bank as involving separable controversy was unauthorized, in view of Jud. Code, § 28, as amended (Comp. St. § 1010), where record failed to disclose either citizenship or residence of receiver.

In Equity. Suit by the Consolidated Independent School District of Buffalo, in Kossuth County, Iowa, and another against Blanche Cross, as Treasurer of Kossuth County, Iowa, and others. On plaintiff's motion to remand. Motion sustained, and case remanded.

E. A. Morling, of Emmetsburg, Iowa, for plaintiffs.

D. M. Kelleher, of Ft. Dodge, Iowa, for defendants.

SCOTT, District Judge. The above-entitled cause came before the court on the 17th day of June, 1925, at Ft. Dodge, Iowa, upon the plaintiffs' motion to remand; the plaintiffs appearing by Mr. E. A. Morling, of Emmetsburg, Iowa, and the defendants appearing by Mr. D. M. Kelleher, of Ft. Dodge, Iowa.

The questions here considered arise upon a motion to remand. Plaintiffs, Consolidated Independent School District of Buffalo, Kossuth county, Iowa, and Lee O. Wolfe, treasurer of said district, brought this suit in equity in the district court of Iowa for Kossuth county, against Blanche Cross, as treasurer of Kossuth county, Iowa, the First National Bank of Algona, Iowa, F. B. Shaffer, as receiver of the First National Bank of Algona, Iowa, Titonka Savings Bank of Titonka, Iowa, and the Cedar Rapids National Bank of Cedar Rapids, Iowa, generally, to recover the sum of $8,753.36, originating on account of taxes collected by the treasurer of Kossuth county, belonging and apportionable to the plaintiff school district. Prayer for relief against the several defendants, so far as money recovery is concerned, is in the alternative, and the joinder of the several defendants arises through a peculiar chain of circumstances and events, some link of which has been created or influenced by the conduct of some defendant.

Passing purely formal allegations, plaintiffs in their bill, in substance, allege: That on the 31st day of October, 1924, there was in the possession of the defendant county treasurer funds and taxes collected for and belonging to the plaintiff school district in the sum of more than $8,400 of the general school fund and $353.36, the semiannual apportionment of the state fund, and that on said date the defendant county treasurer, for the purpose of apportioning to the plaintiff school district the funds belonging to it, did make and deliver to the officers of plaintiff an instrument, which when signed by the president and secretary of the plaintiff school district became in effect a draft for the amount of said sums. That thereupon plaintiff school district's president and secretary signed said instrument and deposited the same for collection in the Titonka Savings Bank, which bank forwarded the same to the Cedar Rapids National Bank for collection, which latter bank forwarded

the same to the First National Bank of Algona for collection, and that the First National Bank of Algona presented same for payment to the defendant county treasurer. Thereupon defendant county treasurer delivered to the First National Bank of Algona to cover said draft and other items its check on said First National Bank of Algona for $20,000. 'That thereupon the First National Bank of Algona, to cover said sum and other items, returned to the Cedar Rapids National Bank its check on the National City Bank of Chicago for $11,194.86, and the Cedar Rapids National Bank, on receipt of said check, forwarded same to the National City Bank of Chicago, and the same was presented on or about the 13th day of November, 1924, and payment refused. That the First National Bank of Algona has suspended on the 8th day of November, previous, and defendant F. B. Shaffer had been appointed receiver by the Comptroller of the Currency of the United States. That plaintiff school district thereupon demanded payment of said $8,-753.36 of defendant county treasurer, and payment was refused. And thereupon plaintiff school district made claim against the receiver of the First National Bank of Algona in said amount, claiming a preference out of the assets of said bank as for a trust fund, and said claim has not been paid.

Upon the conclusion of the foregoing stated events, plaintiff school district and its treasurer filed its petition in equity in the district court of Iowa for Kossuth county against all of the defendants, alleging in addition to the foregoing facts that it had never authorized nor consented to the payment by the county treasurer by check on the First National Bank of Algona, the presenting bank, and that said transaction did not amount to payment; and further alleging, in effect, that, if said acts constituted a payment of the draft to the First National Bank of Algona, the clearing agent, in the circumstances the First National Bank of Algona holds the proceeds as a trust fund, and that plaintiff is entitled to impress a trust upon the assets in the hands of the receiver of such bank; and further alleging and claiming as against all of said banks negligence and dereliction in failure to more promptly present and transmit. Plaintiffs pray for the relief in the alternative: (1) Judgment for the full amount against the county treasurer; (2) by way of alternative relief to recovery against all of the defendant banks; and (3) if the court be of opinion that plaintiffs are not entitled to

such relief, a trust be impressed upon the funds in the hands of said receiver, and that said sum be paid plaintiffs out of the assets of the First National Bank of Algona.

Defendants First National Bank of Algona and F. B. Shaffer, as receiver of said bank, thereupon filed their petition for removal, in which it reiterates the substance of the plaintiffs' bill, and alleges further that the First National Bank of Algona is merely a nominal party; that defendant Shaffer as its receiver is an officer of the United States, to wit, the receiver of, the First National Bank of Algona, and charged by the laws of the United States with the execution of certain duties as agent and officer of the United States in the distribution of the assets of said bank; and further alleging that this is a suit arising under the laws of the United States; and further alleging that "at the time of the commencement of this action and there now is, a separate and separable controversy which is wholly between the plaintiffs and the said F. B. Shaffer as receiver aforesaid, and which can be fully determined between them without the presence of any other party."

Counsel for the removing defendants, in the petition for removal and in the briefs, seem to proceed upon two theories: (1) That all of the defendants, other than the receiver, are mere nominal defendants so far as the cause of action stated against the receiver is concerned; and (2) that, as to said receiver, there is a separable controversy which in the circumstances entitled the receiver to remove the cause. It would therefore seem that two questions are presented for solution: (1) May the receiver treat all other defendants as nominal defendants merely, and, because the cause of action against him arises under the laws of the United States as a sole defendant, remove the cause? And (2) assuming proper joinder of parties, may the receiver remove the cause upon the ground of separable controversy?

[1] Taking up these questions in their order, we inquire whether plaintiffs, in the chain of circumstances here presented, are compelled to select a single adversary against whom to proceed for recovery? For instance, an action against the county treasurer upon the assumption that that officer had not effected payment; or against the banks or some of them for negligence; or, in a third instance, against the receiver in equity as to the holder of a trust fund; or whether plaintiffs may not, under some equi-

table doctrine and procedure, bring all of the parties concerned together into a court of equity, and there have the rights determined and such relief as the circumstances may warrant. Looking at the situation from some angles, it would appear that, plaintiffs being uncertain as to which of several parties were liable to them, they have stated and tied together in a single bill three separate causes of action against three separate parties or sets of parties. And yet, looking at the situation more broadly, there is a common contact between the several defendants and the combination of circumstances. While there may not be any common liability, there does seem to be a common interest in the subject-matter among the individuals because of the community of interest in the questions of law and fact involved in the general controversy. One of the grounds of the concurrent equity jurisdiction is the necessity of preventing a multiplicity of suits. This ground of equity jurisdiction is probably not so clearly defined in text-books and adjudicated cases as some other grounds, and courts are forced in a degree to search the circumstances of the particular case for the presence of the principles which characterize this head of equity jurisdiction. Prof. Pomeroy, in his work on Equity Jurisprudence ([3d Ed.] general section IV), treats the subject very exhaustively, and in his "fourth class" seems to apply the principle here suggested. In section 269 of the general section referred to the author says:

"Under the greatest diversity of circumstances, and the greatest variety of claims arising from unauthorized public acts, private tortious acts, invasion of property rights, violation of contract obligations, and notwithstanding the positive denials by some American courts, the weight of authority is simply overwhelming that the jurisdiction may and should be exercised, either on behalf of a numerous body of separate claimants against a single party, or on behalf of a single party against such a numerous body, although there is no 'common title,' nor 'community of right,' or of 'interest in the subject-matter,' among these individuals, *but where there is and because there is merely a community of interest among them in the questions of law and fact involved in the general controversy, or in the kind and form of relief demanded and obtained by or against each individual member of the numerous body.*" (Italics are mine.)

Looking at this case by and large, it seems to me that it presents a situation for the application of the equitable doctrine referred to, and that a court of equity may take jurisdiction and adjust this whole complicated situation. It seems to me that there is a community of interest among the defendants or some of them, including the receiver, in the questions of law and fact involved and to be determined. To illustrate: The county treasurer is vitally interested in the question as to whether her conduct and acts constitute payment of the draft; and again, the First National Bank of Algona and its receiver are equally interested in the same question, although from an inverse position; again, the other banks are likewise interested in that question, for their liability, if any, may depend entirely upon its solution, for, if the acts in question did not amount to payment, then the county treasurer must pay, and all other defendants are absolved. If I am correct in this conclusion, then there are proper parties defendant on this record other than the receiver.

[2] Judicial Code, § 28, as amended, provides: "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district." Comp. St. § 1010.

Examination of the quoted provisions disclose three clauses: The first clause relates to "any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, * * * may be removed by the defendant or defendants therein." The second clause provides: "Any

other suit' of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, * * * may be removed * * * by the defendant or defendants therein, being nonresidents of that state." · And the third clause provides: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

Now it will be observed that in the first two clauses the removal is by the "defendant or defendants." The last-quoted words are construed collectively; that is, in an application for the removal on the ground that the cause is one arising under the Constitution, laws, or treaties of the United States, all defendants must join unless they be merely nominal defendants. Gableman v. Peoria, D. & E. Ry. Co., 179 U. S. 335, 21.S. Ct. 171, 45 L. Ed. 220; Yarnell v. Felton, 104 F. 161. The same rule applies when construing the second clause. Mr. Chief Justice Fuller, in Chicago, Rock Island & Pacific Railway Co. v. Martin, 178 U. S. 245, 251, 20 S. Ct. 854, 856 (44 L. Ed. 1055), says in a very similar situation: "Whatever the rights of the receivers to remove the cause if they had been sued alone, the controversy was not a separable controversy within the intent and meaning of the act. This being so, the case came solely within the first clause of the section, and we are of opinion that it was not intended by Congress that, under such circumstances, there should be any difference between the rule applied under the first and second clauses of section 2 of the Act of 1887–88." This I construe to mean that the parties plaintiff and defendant are taken collectively both in the first and second clauses of the section referred to, so that all proper defendants must join in the petition for removal under the first and second clauses.

[3] We come now to the second question, whether the defendant receiver may remove on the ground of separable controversy. It will be observed that the ground of removal under the third clause is available only where there is "a controversy which is wholly between citizens of different states, * * *" when the controversy may be removed by "either one or more of the defendants actually interested in such controversy." Now in this case careful examination of the pe-

tition for removal and search of the entire record fails to disclose either the citizenship or residence of the receiver, so it would not appear that any separable controversy is shown in the record under the third clause. I conclude that the motion to remand should be sustained, and the case remanded to the district court of Iowa for Kossuth county.