## HECKLEMAN v. YELLOW CAB TRANSIT CO. et al.
### No. 292–D.

District Court, E. D. Illinois.

Aug. 11, 1942.

D. C. Dobbins, of Champaign, Ill., for plaintiff.

Samuel Levin, of Chicago, Ill., for defendants.

LINDLEY, District Judge.

Plaintiff brought this action in the Circuit Court of Champaign County, Illinois, against two non-resident corporations, to recover the value of gloves destroyed while in transit from Champaign, Illinois, to New York. Under the bill of lading, the merchandise was to be carried by "Yellow" to Chicago and thence to New York by the Universal Carloading and Distributing Company. "Yellow," however, delivered the gloves to the Liberty Lines in Chicago to carry to their destination. The loss occurred on the second carrier's line, and plaintiff sues under both the Carmack Amendment, 49 U.S.C.A. § 20(11), and the common law liability of carriers.

The cause was removed upon "Yellow's" petition wherein it was averred that the amount involved exceeds $3,000; that it is a citizen of Oklahoma, and plaintiff of Illinois; that the suit is of civil nature and that the time to plead had not expired. The second defendant, "Liberty," failed to join in the petition and plaintiff, in his motion to remand, contends that the omission is fatal for the reason that all defendants must join.

Where several defendants are jointly sued in the state court, in the absence of a separable controversy, the suit

may not be removed unless all defendants join in the petition. Chicago, R. I. & P. R. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Miller v. Clifford, 1 Cir., 133 F. 880, 886, 5 L.R.A.,N.S., 49; Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34, 35. An exception exists, however, when the defendant not joining has not been served with process. In such case, a defendant over whom the court has not acquired jurisdiction may be disregarded, and a defendant who has been summoned may remove. Community Bldg. Co. v. Maryland Casualty Co., 9 Cir., 8 F.2d 678; Hane v. Mid-Continent Petroleum Co., D.C., 47 F.2d 244; Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34; Keenan v. Gladys Belle Oil Co., D.C.Okl., 11 F.2d 418, 421. Obviously the purpose is to permit the defendant served to enjoy a right to which he is entitled under the Acts of Congress and of which he may otherwise be deprived, since it is possible that other defendants may never be served, or at least before the time for filing a petition to remove has expired.

"Yellow" insists, therefore, that it was not necessary for the other defendant to join, as it had not been properly served with process. The record discloses, however, that "Liberty" was served on June 10, 1942, two days before "Yellow" filed its petition, and that the return of the officer showing service was filed in court on June 22, the day the order of removal was entered. On July 10, after removal, "Liberty" moved here to quash the service of process.

"Yellow" failed to disclose in its petition any reason why the other defendant had not joined. In Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34, 36, of three defendants only two joined in the petition. They omitted all excuses for not joining the third defendant. Because of this defect, the court held the record insufficient to sustain federal jurisdiction. So, here, there was no showing in either record or petition of any reason for not including "Liberty." As the court said in the Wright case: "The petition gave no intimation to plaintiff that the other defendants were claiming to have the right on that ground (that the third defendant was not properly served) to invoke federal jurisdiction without joining their joint co-defendant."

In the language of Judge Van Devanter in Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 151, 34 S.Ct. 278, 279, 58 L.Ed. 544: "The right of removal from a state to a Federal court, as is well understood, exists only in certain enumerated classes of cases. To the exercise of the right, therefore, it is essential that the case be shown to be within one of those classes; and this must be done by a verified petition setting forth, agreeably to the ordinary rules of pleading, the particular facts, not already appearing, out of which the right arises. It is not enough to allege in terms that the case is removable or belongs to one of the enumerated classes, or otherwise to rest the right upon mere legal conclusions. As in other pleadings, there must be a statement of the facts relied upon, and not otherwise appearing, in order that the court may draw the proper conclusion from all the facts, and that, in the event of a removal, the opposing party may take issue, by a motion to remand, with what is alleged in the petition."

The petition to remove is fatally defective in that it failed to include any reason for not including "Liberty" and the record discloses no such reason.

Nor may "Yellow" now amend its petition to correct the defect. The petition and record are amendable to make clear essential averments or jurisdictional facts already shown. Southern Pacific Co. v. Stewart, 245 U.S. 359, 38 S.Ct. 130, 62 L.Ed. 345; Frazier v. Hines, D.C., 260 F. 874; Saldibar v. Heiland Research Corp., D.C. 32 F.Supp. 248; Hall v. Payne, D.C., 274 F. 237; Encyclopedia of Federal Procedure, Sec. 342. An amendment, however, can not be made after removal to the Federal Court, to supply necessary averments, where neither petition nor record shows sufficient grounds for removal (Town of Fairfax v. Ashbrook, D.C., 3 F.Supp. 345, 346; Santa Clara County v. Goldy Machine Co., C.C.N.D.Cal.1908, 159 F. 750; Dinet v. City of Delavan, C.C., 117 F. 978; Dalton v. Milwaukee Mechanics' Ins. Co., C. C., 118 F. 876; Encyclopedia of Federal Procedure, Sec. 342), or set up new grounds for removal. Town of Fairfax v. Ashbrook, supra; Southern R. Co. v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402. To allow the amendment would be to change the record. Dalton v. Milwaukee Mechanics' Ins. Co., supra; Crehore v. Ohio & M. Ry. Co., 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144; Santa Clara County v. Goldy Machine Co., supra.

True, defendant does not now rely solely upon diversity of citizenship but claims

**986**

also that this court has jurisdiction because a federal question is involved. The petition contains no averment that a question as to federal law is presented, but Counts I and IV of the complaint rely upon a cause of action arising under the Carmack Amendment. Inasmuch, says defendant, as I must, in determining whether there are grounds for removal, give weight, not only to the averments of the petition for removal but also to all parts of the record, Missouri, K. & T. R. Co. v. Chappell, D.C.S.D.Okl.1913, 206 F. 688, 694; Wells v. Russellville Anthracite Coal Mining Co., .D.C.E.D.Ark.1913, 206 F. 528, 529; Gruetter v. Cumberland Telephone. & Telegraph Co., C.C.W.D.Tenn.1909, 181 F. 248, 255; Gillespie v. Pocahontas Coal & Coke Co., C.C.S.D.W.Va.1907, 162 F. 742, 743, I should now deny the motion to remand because the record discloses that plaintiff relies upon a federal law.

Despite this showing of a federal question sufficient to justify removal to the federal court, however, the rule that all joint defendants must join in the petition to remove, or that a single defendant petitioning for removal must disclose valid excuse for the non-joinder of his fellow defendants, necessitates allowance of the motion to remand. Chicago, R. I. & P. R. Co. v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055; Consolidated Independent School District v. Cross,. D.C.N.D.Iowa 1925, 7 F.2d 491, at page 494.

Defendant's motion to amend the petition for removal is denied; the motion to remand is granted.